HOLYOKE ENVELOPE COMPANY *vs.* UNITED STATES ENVELOPE COMPANY.

Hampden.    September 27, 1904. — October 18, 1904.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Assignment.    Contract,* Construction.    *Pleading, Civil,* Variance.    *Vendor and Purchaser.*

On August 18 of a certain year a corporation made a bill of sale to a new corporation, for a round sum of money, of all its stock in trade and "all its business and good will as a going concern," with a provision that the business should be considered as belonging to the purchaser from and after December 31, of the previous year.    "Accounts receivable" before the beginning of the current year were excepted from the property assigned.    Unexpired insurance policies on the property were delivered to the purchaser when the papers passed.    These were cancelled on August 18, and return premiums were received thereon which were credited on new policies issued to the purchaser.    *Held*, that the insurance policies on hand at the close of the previous year were not sold to the purchaser as included in the round price, and that on an accounting between the selling and purchasing corporations the seller was entitled to credit for the pro rata value of the policies from the end of the previous year to August 18, when the bill of sale was delivered and accepted, it having been shown that it is customary to allow pro rata value in place of surrender value when new insurance is taken out through the same agency.    *Held, also,* that a previous contract giving the purchaser the option to purchase the property, which it exercised, and providing that the seller should keep the property insured during the period of option, did not change the rights of the parties in this regard.

When an item in an account annexed does not describe accurately the claim relied upon, so that an objection on that ground taken at the trial would have been sustained, but where nevertheless the item describes the subject matter of the

claim sufficiently to give the defendant information of its character, and the defendant has not suffered from the inaccuracy of the description, the plaintiff may be allowed to recover on the count without amendment.

The rule, that in case of a decree for the specific performance of a contract for the sale of land the vendee is entitled to the profits from the day when the deed was to be delivered and the vendor is entitled to interest on the purchase money from the same date, has no application to a contract for the purchase of real estate and personal property, together with a going business taking it from a date more than seven months before, for a round sum in cash which was paid before the day named for payment.

CONTRACT for an alleged breach of an agreement in writing. Writ dated December 16, 1899.

In a decision reported in 182 Mass. 171 this court sustained a demurrer to the declaration, leaving it open to the plaintiff to apply to the Superior Court for leave to amend.

The following statement of the case· as it came before the. court at its present ·stage, on exceptions alleged by the plaintiff to findings made and refused in the Superior Court by *Maynard, J.,* sitting without a jury, is taken from the opinion of the court:

After the decision of this court when this case was before it on demurrer, the declaration was amended twice, and the case came on for hearing before a judge sitting without a jury. The plaintiff asked the judge to make three findings of fact. Without dealing with these specifically the judge made a general finding in favor of the defendant, and the case is here on an exception to that finding and to his refusal to make the three findings asked for.

It appeared that the plaintiff gave to Messrs. Dean and Shibley a written option dated January 14, 1898, to sell to them or their appointees its real estate, machinery, stock in trade and "all its business and good will as a going concern," for a sum to be ascertained by appraisal and to be paid in cash on delivery of proper conveyances. The option was to be exercised and the amount to be paid fully determined on or before April 30, the purchase money was to be paid on or before September 1, and on completion of the sale it was agreed that the plaintiff's business "shall be considered as belonging to the purchaser from and after December 31st, 1897, and all proper accountings and adjustments shall be made accordingly." The time within which the option was to be exercised and the amount of the purchase money to be paid fully determined was subsequently

changed from April 30 to June 30. The defendant corporation was chartered some time in the month of June, 1898. On or before June 22, Messrs. Dean and Shibley exercised their option and, by a written contract made on that day, it was agreed that the time within which the amount to be paid as purchase money was to be fully determined should be extended to July 15. By a later contract dated July 27, it was agreed that the purchase money should be $615,000 in cash and preferred stock in the defendant corporation to the amount of $43,000 at par. On August 12 a vote was passed by the directors of the defendant company that their corporation, as the appointee of Dean and Shibley, purchase the property of various corporations and firms described in certain deeds and bills of sale then presented to them; among these corporations was the plaintiff. On August 18 the plaintiff executed a deed and bill of sale by which it conveyed and assigned to the defendant corporation its real estate and personal property and delivered the deed and bill of sale to Messrs. Dean and Shibley, and they in turn delivered them to the defendant as their appointee. Thereupon Messrs. Dean and Shibley paid the plaintiff $723,800, being the $615,000 in cash plus the $43,000 in preferred stock agreed upon on July 27, plus ten per cent thereof which by the agreement was to be paid to Messrs. Dean and Shibley for their services.

The plaintiff and the defendant then entered into an accounting as to the business which had been sold and assigned to the defendant by the plaintiff, and which (by the terms of the bill of sale as well as by the terms of the agreement between the plaintiff and Messrs. Dean and Shibley) it was provided "shall be considered as belonging to the purchaser from and after December 31, 1897, and all proper accountings and adjustments shall be made accordingly." On October 31, 1898, the defendant paid the plaintiff $31,799.45 due it under the accounting. This was received by the plaintiff without prejudice and reserving to itself a right to sue the defendant to recover four items claimed by it to be due, for which the defendant denied liability. This action was accordingly brought.

Before the trial the plaintiff waived all but two of the four items. The two insisted upon at the trial were first, a claim to be paid interest at six per cent on the $723,800, the amount of

the purchase money, from December 31, 1897, to August 18, 1898, and second, a claim for the value of the unexpired insurance to the credit of the Holyoke Envelope Company on January 1, 1898, amounting to $807.87, with interest to September 23 inclusive, $35.82, making in all $843.69.

*E. H. Lathrop*, for the plaintiff.

*C. L. Long*, for the defendant.

LORING, J. [After the foregoing statement of the case.] 1. We are of opinion that as matter of law the judge was not warranted in finding for the defendant on the items as to unexpired insurance.

At the trial the president of the plaintiff corporation testified .that the second item was the pro rata value of the unexpired insurance from December 31, 1897, to the termination of the policies in force on that day; that this insurance had been paid for by the plaintiff before December 31, and the policies were handed to the defendant when the deed and bill of sale were delivered on August 18. On his cross-examination it appeared that the pro rata value had been estimated by a clerk, but this witness testified, from his knowledge of the amount of insurance then on the property and of the rate of the insurance, that the estimated amount was substantially correct; that the amount of insurance then on the property was $300,000; that his recollection was that the policies matured in September, and he remembered that when the bookkeeper gave him the figures on this item he, knowing these data, computed in his head the amount due; that the amount was substantially correct. At the original hearing the officers of the defendant corporation denied having received these policies, but in a supplemental agreement it is stated that since the hearing it had been ascertained that the policies were delivered to the defendant's attorney when the papers were passed, and were in turn delivered by him to the insurance broker who was attending to the defendant's insurance on the property then taken over, and at the attorney's request were cancelled on August 18; that on their cancellation the broker received return premiums amounting to $324.81, and new policies were issued to the defendant for which the insurance broker paid, using the amount of the return premiums in part payment. It appears from the bill of exceptions that the case finally was

submitted to the judge on this supplemental agreement, as well as on a prior agreement and on oral testimony.

The defendant's first contention is that the evidence failed to show an express adoption by the defendant of the agreement between the plaintiff and Messrs. Dean and Shibley; that in addition the judge was not bound as matter of law to find that the defendant knew of the terms of that agreement, and for these reasons the plaintiff had not as matter of law brought itself within the decision of this court in 182 Mass. 171. But the agreement that the business conducted with the property covered by the deed and bill of sale delivered August 18, 1898, was to be considered as the business of the defendant from December 31, 1897, and that all proper accountings and adjustments were to be made accordingly, was set forth in the bill of sale which ran directly from the plaintiff to the defendant as well as in the option given by the plaintiff to Messrs. Dean and Shibley. The bill of sale to the defendant as well as the option to Messrs. Dean and Shibley is counted on in what is termed in the record the third amended declaration, which we assume was the second count on which the plaintiff went to trial. The liability of the defendant to pay for the insurance if it was carried in conducting the business during the period in question is made out by the acceptance by the defendant of this bill of sale, and it was not necessary to resort to an implied adoption by the defendant of the agreement between the plaintiff and Messrs. Dean and Shibley.

The insurance in question was in fact carried in conducting the business to be accounted for as the business of the defendant during the period beginning December 31, 1897, and ending August 18, 1898. Had it been paid for during that period in the absence of any further agreement on the subject it would have been a payment which would have been allowed as made in the course of that business. The fact that it had been paid for by the plaintiff in advance before the period began is of no consequence in determining which of these two parties is ultimately to bear the burden of it unless this unexpired insurance was a portion of the personal property sold and assigned to the defendant by the plaintiff, for which (together with the real estate) it was paid $723,800. That is to say, unless the unex-

pired policies of insurance to the value of $807.87, on hand on December 31, 1897, stood on the same footing as stock in trade to that amount, and, like stock in trade then on hand, were paid for by the $723,800 purchase money. As matter of description it does not seem to come within the personal property assigned by the bill of sale. Moreover it partakes of the character of what is excepted from the personal property assigned, to wit, "accounts receivable prior to January 1, 1898," by which we understand is meant accounts receivable due in respect of business done before January 1, 1898. It appears that on January 1 the plaintiff took an account of stock, and by the terms of the bill of sale it was to pay its debts and liabilities existing on December 31, 1897, out of the property not covered by the assignment. The intention (not very clearly expressed) seems to have been that all the results of the business done before January 1, 1898, except stock on hand, should not pass to the defendant. Cash on hand at the close of business is not specifically excepted, but it is not included within the description of what is assigned. The same is true of the unexpired insurance. The value of unexpired insurance properly is taken as an asset in making up the condition of a business adventure on a specified day. We are of opinion that in the case at bar the policies of insurance on hand at the close of business on December 31, 1897, were not sold to the defendant, and that the defendant was bound to credit the plaintiff with the pro rata value thereof for the period in question, to wit, the period from December 31, 1897, to August 18, 1898.

The defendant's next defence on this item is to invoke in its support a clause in the option given by the plaintiff to Messrs. Dean and Shibley dated January 14, 1898. In that contract, after providing that, pending performance of the contract, the plaintiff should maintain its plant and general equipment in as good and efficient running order and repair, fire and other accident excepted, as the same now are, it is stipulated also that, pending such performance, the plaintiff should "keep its plant and stock at all times well insured in a total of at least two hundred and seventy-five thousand (275,000) dollars, and, in case of loss, that it will transfer to said purchasers the moneys collected on account of such loss or claims therefor in lieu of

the property damaged or destroyed, provided this contract is accepted and its conditions fully carried out by said Dean & Shibley." The contention is that the sum paid for insurance under this clause is a sum which by this covenant the plaintiff was bound to expend, and for that reason the burden of it is ultimately to be borne by it.

Without stopping to discuss the right of the defendant to invoke in its support one of the terms of a contract to which it insists it was not a party, it is enough and it is more satisfactory to dispose of the contention by pointing out that the effect of the clause in question is not what the defendant contends it to be. Under the prior clauses of this contract it had become the duty of the plaintiff to carry on the business until it was ascertained whether the option would or would not be exercised, having regard to the possibility that it might have to account for the business so carried on as carried on for the purchaser; fire and other accidents were excepted from the covenant to maintain the plant and general equipment in good and efficient running order and repair. The covenant in question then follows. Its effect was not to throw on the plaintiff the ultimate burden of what but for this covenant (as we already have seen) would be borne by the purchaser in the event which has happened, but to regulate and make certain what should be done by the plaintiff in respect to insurance during the period in question. In our opinion this covenant did not change the rights of the parties and shift on to the plaintiff the burden of paying for the insurance carried in conducting what is now to be adjusted as having been the defendant's business.

The next objection taken is, first, that the value of the insurance for the period between December 31, 1897, and August 18, 1898, was not proved, and that is all that can be recovered under this count in the declaration; and, second, that although a case is made out for the recovery of the $324.81, in the supplemental agreement for the cancellation of the policies on August 18, 1898, that sum cannot be recovered under the pleadings in this action.

But the cost of the insurance between December 31, 1897, and August 18, 1898, was proved if it is assumed that the basis on which $324.81 was computed to be the amount of the return

premiums for the period between August 18 and the expiration of the policies was the same as that on which it was testified to in behalf of the plaintiff that $807.87 was the value of this insurance for the whole period from December 31 until the policies expired.   The cost of insurance while the business was carried on for the defendant is the difference between these two sums, namely, $483.06.   Having regard to the uncontradicted testimony of the plaintiff that it is customary to be allowed pro rata value in place of surrender value in case new insurance is taken out through the same agency, we are of opinion that this assumption must be made.   It follows that the plaintiff was entitled to recover under this count of the declaration $483.06, with interest from January 1, 1898, and the exception to the finding in favor of the defendant on this item must be sustained.

This brings us to the question of pleading raised by the defendant.   Had the second count on which the plaintiff went to trial (termed in the record third amended declaration) been the only count in the declaration, this objection would have been well taken.   That was a count on the contract contained in the bill of sale by which the business carried on between December 31, 1897, and August 18, 1898, was to be accounted for as the business of the defendant.   The plaintiff's claim here is to be paid $324.81 because the defendant accepted an assignment of these policies on August 18, 1898, that is, on the expiration of that period, has had them cancelled and collected this sum of money as their value.   This $324.81 cannot be recovered under that count.   But there was also what is termed in the record the second amended declaration.   That we assume was the other count on which the plaintiff went to trial.   It is a count on an account annexed, and one of the items in the account annexed is " Unexpired insurance to credit of Holyoke Envelope Company, January 1, 1898, $807.87.   Interest January 1, 1898, inclusive, to September 23, inclusive, $35.82," making $843.69. The only difficulty in the way of the plaintiff's recovering this claim under this count of the declaration is that the item in the bill of particulars does not accurately describe the transaction. To describe the transaction properly the item should have been for return premiums received on cancellation of policies of insurance assigned to the defendant on August 18, 1898, with interest

from that day. Had it been contended at the trial that the bill of particulars did not properly describe the claim proved, the objection would have had to be sustained. But this item in the bill of particulars in a way includes the insurance in question, although it does not accurately describe the transaction which gave rise to the right to recover this $324.81 as money had and received to the plaintiff's use. It is apparent that no injury was suffered by the defendant from the inaccuracy of description. The case was held open until it had had an opportunity to investigate the facts, and the result of its investigation was submitted to the court in the supplemental agreement. Under these circumstances we are of opinion that the objection of pleading is not well taken.

2. The other item remains to be disposed of. We are of opinion that this claim of the plaintiff is wholly without merit.

The plaintiff's contention here is based on the rule that the vendee must pay interest on the purchase money in cases like *Sanders* v. *Bryer*, 152 Mass. 141. That is to say, when specific performance of a contract for the sale of land is decreed and by the terms of the contract payment was to be made upon delivery of the deed, the vendee is entitled to the intervening profits between the day when the deed should have been delivered and the day it is delivered, and the vendor is entitled to interest on the purchase money for the same period. This result is reached on the ground that the conveyance ought to have been made at the earlier day and in equity the rights of the parties will be enforced on that basis, namely, by carrying into effect what would have ensued if that had been done which ought to have been done. That has no application to the case now before us, where the $723,800 was to be paid on or before September 1, 1898, and was paid on August 18, 1898, and where by the terms of the contract the thing bought by this payment was not only the real estate and the personal property but the business since December 31, 1897.

> *Exception sustained to the findings on item 3 of the bill of particulars annexed to the account annexed, and on item 3 of the bill of particulars annexed. to the third amended declaration.*
>
> *Exception to the finding on item 2 of the bill of particulars of both counts overruled.*