## Morris W. Potter *vs.* Stanley A. Starratt.

Suffolk.   December 4, 1919. — March 30, 1920.

Present: Rugg, C. J., Braley, De Courcy, Crosby, & Pierce, JJ.

*Contract,* Construction. *Practice, Civil,* Premature action.

In an action for a breach of a contract in writing, dated October 10, 1916, it appeared that the contract provided that the plaintiff, the owner of certain land in the State of Florida, should deposit $2,915 in a certain bank to the account of the defendant "to be spent by him in the development and cultivation of" the land; that, in "consideration of the development and cultivation of the land," the defendant should receive one half of the income derived from it "as long as this agreement remains in force;" should "not be prevented from using his own judgment and discretion in the matters of planting, cultivation, and sales on the said land, nor be interfered with in carrying out his plans, while this agreement is in force;" should "improve, develop, and cultivate [the land] to the

best of his skill and ability . . . and . . . make the land produce as much as he can," and should render to the plaintiff a careful and complete account of income and pay to him one half thereof; that expenses should be paid by the plaintiff, the sum originally deposited "to pay for only the production of the first crop raised and harvested in 1917." The plaintiff agreed "that this agreement shall not terminate before January 31, 1919, if so desired by the" defendant, and that the defendant might terminate it at any time after May 31, 1918. The action was brought on August 8, 1917. *Held*, that

(1) The contract was entire and not divisible;

(2) The action was prematurely brought;

(3) The defendant was under no obligation to account to the plaintiff for money paid to him so long as the defendant was endeavoring in good faith to perform the contract according to its provisions.

CONTRACT, with a declaration in two counts, the first count being upon an agreement in writing for the improvement and cultivation by the defendant of land of the plaintiff in the State of Florida, and the second count being for money alleged to have been had and received by the defendant to the plaintiff's use. Writ dated August 8, 1917.

The agreement in writing, signed by the plaintiff and the defendant, was dated October 10, 1916, and, exclusive of the signatures, was as follows:

"The said Morris W. Potter on his part agrees to deposit in the National Shawmut Bank, Boston, on or before the twelfth day of October, 1916, to the account of the said Stanley A. Starratt, and solely under his control, the sum of $2,915, to be spent by him in the development and cultivation of lands now owned by or under control now of the said Morris W. Potter at Winthrop, near Bonita Springs, in the State of Florida.

"In consideration of the development and cultivation of the land now owned by or under the control of the said Morris W. Potter by the said Stanley A. Starratt, the said Morris W. Potter agrees to give to the said Stanley A. Starratt one half the income derived from produce grown on the lands so owned or controlled by the said Morris W. Potter as long as this agreement remains in force, and further agrees that the said Stanley A. Starratt shall not be prevented from using his own judgment and discretion in the matters of planting, cultivation, and sales on the said land, nor be interfered with in carrying out his plans, while this agreement is in force.

"The said Stanley A. Starratt, on his part, agrees to improve,

develop, and cultivate to the best of his skill and ability the land owned or controlled now by the said Morris W. Potter, and to make the land produce as much as he can. He agrees to render, or cause to be rendered to the said Morris W. Potter a careful and complete account of income, and the sources from which it is derived, and to pay to the said Morris W. Potter one half of the net income.

"The said Morris W. Potter agrees to pay for the crates, barrels, boxes, etc., necessary to send the produce from the said land to market, and to pay for the necessary labor and fertilizers for the cultivation of the said land from year to year, the sum paid on October twelfth, 1916, to pay for only the production of the first crop raised and harvested in 1917.

"The said Morris W. Potter agrees that this agreement shall not terminate before January 31st, 1919, if so desired by the said Stanley A. Starratt, and he further agrees that the said Stanley A. Starratt may terminate this agreement at any time after May 31st, 1918."

In the Superior Court the action was tried before *Wait*, J. The material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered for him. The motion was denied. The defendant then asked for the following rulings:

"1. That from all the evidence, the action of the plaintiff has been prematurely brought on August 8, 1917, and there must be a verdict for the defendant.

"2. The plaintiff, having voluntarily paid in $3,000 under the contract with the defendant, if it appears that the plaintiff afterwards broke the contract by bringing action or otherwise by his conduct, he is not entitled to be re-paid any portion of the money paid in."

"6. That the provisions of the contract between the parties do not impose any trust upon the defendant to account for the moneys paid to him by the plaintiff, so long as the defendant was in good faith endeavoring to perform his contract as required by the terms thereof."

"10. That according to the terms of the contract between the parties, the defendant was not obliged to spend the full sum of $2,915 in the development and cultivation of the plaintiff's land,

but was only called upon to perform his agreement in good faith and according to his best judgment, during the existence of said contract without interference of the plaintiff."

The rulings were refused. The jury found for the plaintiff in the sum of $2,146.36; and the defendant alleged exceptions.

*C. H. McIntyre,* for the defendant.

*C. H. Donahue,* for the plaintiff.

DE COURCY, J. It was provided in the written contract between the parties as follows: Starratt was to improve and cultivate certain land at Bonita Springs in the State of Florida owned or controlled by Potter. He was to use his own judgment and discretion without interference in the work to be done on the land and the sale of the produce, was to render complete accounts and to retain one half of the net income. Potter agreed to deposit $2,915 in a bank to the account and under the control of Starratt, "to be spent by him in the development and cultivation of" the land. He further agreed to pay for the crates, barrels, etc., necessary for sending the produce to market, "and to pay for the necessary labor and fertilizers for the cultivation of the said land from year to year."

The contract was dated October 10, 1916. It was not to terminate before January 31, 1919; but an option was given to Starratt to terminate it at any time after May 31, 1918. The money was duly deposited in bank on October 13, 1916, and was $3,000 in amount. Potter went to Florida for the winter in the latter part of October, and Starratt arrived there about November 1. A planting of watermelons was killed by frost in early February, 1917; and a second crop was largely destroyed by drought in the later spring of that year. In July Starratt furnished Potter with a statement, showing expenditures amounting to $1,335.45. He made preparations to return to Bonita Springs in the early summer of 1917 and was willing to go on with the contract. Potter brought this action on August 8, 1917, after demanding the return of the balance of the money which Starratt had not actually expended on the land. The first count of his declaration was for alleged breach of the contract and the second was for money had and received.

The plaintiff's claim that he can recover in this action, brought some seventeen months before the termination of the contract

period, is based primarily on his contention that the contract was not entire but divisible; that the $2,915 was appropriated to the first crop alone. Subject to the defendant's exception the presiding judge so construed the contract, and instructed the jury that this provision could be separated from the rest of the contract, and that any portion not used for the production of the first crop was returnable to the plaintiff. In our opinion this is not the correct interpretation of the written agreement between the parties. As already stated, the $2,915 was "to be spent . . . in the development and cultivation of" the land. But no time within which it must be spent was stated. Starratt was not obliged to expend it all in the production of the first crop. The reasonable inference from the language is that he might spend it according to "his own judgment and discretion," during the term of the contract. This view is consistent with the nature of the joint enterprise, as indicated by the contract as a whole. The only language that throws doubt upon the subject is that contained in the paragraph preceding the last one. This paragraph is a statement of the obligations of Potter, as to payment for crates, boxes, etc., and for the necessary labor and fertilizers from year to year. The clause "the sum paid on October twelfth, 1916, to pay for only the production of the first crop raised and harvested in 1917," was apparently added to make it plain that the $2,915 was not to be considered as covering all the obligations of Potter to furnish money during the entire contract period.

The exceptions to the judge's construction of the contract as a divisible one must be sustained. The defendant also was entitled to the first and sixth rulings requested by him.

*Exceptions sustained.*