JOSEPH G. CANNING *vs.* ALMON A. SHIPPEE.

Franklin.  September 19, 1923. — October 8, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, PIERCE, & CARROLL, JJ.

*Res Judicata. Equity Jurisdiction,* Specific performance. *Damages,* For breach of contract. *Contract.*

A final decree for the plaintiff in a suit in equity for specific performance of a contract to sell and convey real estate is a bar to an action of contract afterwards brought at law for damages due to expense, loss of use and occupation of the real estate, wrongful cutting of timber, harvesting of crops and carrying away of a fence during the period of wrongful withholding by the defendant of the premises described in the suit in equity, those subjects being incidental and subsidiary to and within the scope of the inquiry and adjudication in the suit in equity.

CONTRACT for damages resulting from a breach of contract to convey real estate. Writ dated January 10, 1922.

The declaration is described in the opinion. The defendant demurred. The demurrer was heard by *Lummus,* J., who ordered that it be sustained. The plaintiff appealed.

*W. A. Davenport,* (*C. Fairhurst* with him,) for the plaintiff.
*J. T. Bartlett,* (*P. H. Ball* with him,) for the defendant.

RUGG, C.J.   This is an action of contract.   It is alleged
in the declaration that the plaintiff agreed to buy and the
defendant to sell certain real estate; that in consequence of
refusal by the defendant to carry out the contract, the
plaintiff was compelled to bring suit in equity for specific
performance of the contract and prevailed; that the plain-
tiff was thereby put to expense and lost the use and occupa-
tion of the premises for a long time, and that during that
period of wrongful withholding the defendant cut timber,
harvested apples, carried away manure and removed a fence
on and from the premises.   The demurrer of the defendant
was sustained.   The plaintiff's appeal brings the case here.
*Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133.

The validity, nature, extent and breach of the contract
for purchase and sale of real estate all were necessarily at
issue in the suit for specific performance.   All damages
arising from its breach by the defendant were also properly
subject to adjudication in that suit.   Wrongful deprivation
of possession of the real estate was a matter involved in the
suit for specific performance of the contract for its convey-
ance.   Interest on the purchase price due from the plaintiff
and use and occupation of the land while held contrary
to the contract by the defendant were inseparably con-
nected with the agreement for its purchase and sale.   When
equity took jurisdiction of the main subject by ordering
specific performance, all incidental and subsidiary matters
also came within the scope of its inquiry and adjudica-
tion.   Equity will grant complete relief in such circumstances
and thus prevent unnecessary litigation.   All claims of
the plaintiff against the defendant flowing from his breach
of that contract ought to have been adjusted in the suit
for specific performance.   They cannot be made the sub-
ject of a separate action.   *Eastman* v. *Simpson,* 138 Mass.
348.   *Sanders* v. *Bryer,* 152 Mass. 141.   *Holyoke Envelope
Co.* v. *United States Envelope Co.* 186 Mass. 498.   *Noyes*
v. *Bragg,* 220 Mass. 106.   It is the general rule that all
damages resulting from a specified cause of action must
be assessed in one proceeding.   A single cause of action
cannot be split into fractions and thus made the basis of

several proceedings. *Warren* v. *Comings,* 6 Cush. 103. *Barnes* v. *Huntley,* 188 Mass. 274. *Clark* v. *Baker,* 5 Met. 452. *Bennett* v. *Hood,* 1 Allen, 47. *Smith* v. *Way,* 9 Allen, 472. *Stevens* v. *Tuite,* 104 Mass. 328, 335. *McCaffery* v. *Carter,* 125 Mass. 330. *Osborne* v. *Atkins,* 6 Gray, 423. *James* v. *Newton,* 142 Mass. 366, 371. *Trask* v. *Hartford & New Haven Railroad,* 2 Allen, 331. *Cole* v. *Bay State Street Railway,* 223 Mass. 442. *Dalton* v. *American Ammonia Co.* 231. Mass. 430, 433. It follows that the judgment for the plaintiff in the equity suit for specific performance, as set forth in the declaration, was a bar to damages for breach of the same contract. *Newburyport Institution for Savings* v. *Puffer,* 201 Mass. 41, 46.

Since the plaintiff's declaration is wholly founded on breach of the contract to purchase and sell the real estate, the demurrer was rightly sustained. Whether independent torts are there set forth is a question not presented on this record.

*Order sustaining demurrer affirmed.*