HAZEL PORESKY *vs.* GEORGE WOOD & another.

Suffolk.    March 7, 1924. — April 8, 1924.

Present: RUGG, C.J., BRALEY, DeCOURCY, CROSBY, & CARROLL, JJ.

*Contract,* Performance and breach.  *Payment.  Election.*

The first count in a declaration in an action of contract was for breach of an agreement dated September 18, 1922, by the defendant to sell to the plaintiff a "Hupp Sedan (new car 1923)." The action was begun in November, 1922. The trial judge in a municipal court, upon evidence warranting a finding that no car answering the description in the contract of sale was in the market at or previous to the date of the writ, found for the defendant and reported the case to the Appellate Division, who ordered the ·report dismissed. The plaintiff appealed. *Held,* that on the record the finding must be accepted, and that the finding was warranted.

A second count in the declaration in the action above described was for the recovery of a certain sum of money paid as a deposit at the time of the making of the agreement for sale. On conflicting testimony warranting the finding, the judge found that "the plaintiff received and accepted a check executed by the defendant for the amount of the original deposit made on said car, though said check was never cashed by the plaintiff." *Held,* that

(1) The finding of the judge was that the plaintiff accepted the check as the payment of the deposit;

(2) The plaintiff was not in a position to complain that this finding virtually made it impossible for him to maintain a new action, since he had elected to attempt to divide a single cause of action.

CONTRACT for breach of an agreement by the defendants to sell to the plaintiff an automobile, and for the return of a deposit in cash made at the time of the agreement. Writ in the Municipal Court of the City of Boston dated November 25, 1922.

Material evidence and findings by the trial judge in the Municipal Court are described in the opinion. There was a finding for the defendants. A report to the Appellate Division was ordered dismissed. The plaintiff appealed.

*S. H. Borofsky,* (*F. W. McCarthy* with him,) for the plaintiff.

*J. D. Carney & R. H. K. Holden,* for the defendants, submitted a brief.

DeCOURCY, J. The first count of the declaration is for breach of a written agreement, dated September 18, 1922, for the sale of a " Hupp Sedan (new car 1923)." Payment of the price ($1,915) was to be made by a credit of $865 for an old car, a deposit of $20, $530 in cash on delivery, and $500 four weeks thereafter. The trial judge found that no car answering the description in the contract of sale sued on was in the market at or prior to the date of the writ; and ruled that the plaintiff's action was prematurely brought, so far as the first count was concerned. We cannot say that this finding was unwarranted. There was evidence that no models answering the description " new car 1923 " in the contract were manufactured prior to April, 1923, and that the Hupp sedan then put out differed in many mechanical details from any models previously on the market. We must accept the trial judge's findings of fact, even though there was evidence to the contrary, and the refusal of the New England distributors of the Hupmobile to deliver a car in October was based on another ground. *Daniels* v. *Newton,* 114 Mass. 530. *Potter* v. *Starratt,* 235 Mass. 325.

The second count is for the recovery of $20, paid as a deposit. On conflicting testimony the judge found that

" the plaintiff received and accepted a check executed by the defendant for the amount of the original deposit made on said car, though said check was never cashed by the plaintiff." In other words he found that the plaintiff accepted the check as payment of the deposit. See *Illustrated Card & Novelty Co.* v. *Dolan*, 208 Mass. 53. She now complains that this finding virtually makes it impossible for her to maintain a new action. If such should be the result, it is due to her attempt to divide a single cause of action. There was but one entire contract, and a single breach of it. One of the elements of damage recoverable for such breach was this $20 payment. *Canning* v. *Shippee*, 246 Mass. 338. See *Katzeff* v. *Goldman*, *ante*, 365.

*Order dismissing report affirmed.*