CATHERINE FRANKLIN *vs.* NORTH WEYMOUTH COOPERATIVE BANK & another.

Norfolk. October 7, 1932. — June 26, 1933.

Present: RUGG, C.J., CROSBY, WAIT, & LUMMUS, JJ.

*Res Judicata. Equity Pleading and Practice*, Plea. *Contract*, Performance and breach, For sale of real estate. *Mortgage*, Of real estate: construction loan mortgage. *Equity Jurisdiction*, Adequate remedy at law.

The defence, that all matters set out in the bill in a suit in equity are *res judicata* by reason of judgment in the defendant's favor in a previous action at law against him by the plaintiff, properly may be set up in a plea to the bill.

The bill in a suit in equity set forth that the plaintiff purchased from one of the defendants land with a building thereon in process of construction, subject to a construction loan mortgage previously given by the seller to the other defendant; that the building "has never been completed"; that the plaintiff had been put to expense in

remedying numerous defects in the construction and workmanship of the building; and that it would be inequitable for the defendant seller to receive the last instalment under the mortgage from the defendant mortgagee until the plaintiff should be paid or credited with the expenses incurred by him. The plaintiff sought to have determined the amount expended by him for the defendant seller's benefit to put the building in such condition that said instalment would become due and to have it ordered that such amount be deducted from the instalment and be not paid to the defendant seller. A plea by that defendant set forth the entry of judgment in his favor after trial in an action at law against him by the plaintiff based on breach of the contract of sale by reason of the defendant's failure to complete the building in specified particulars and on fraud and false representations by the defendant with respect to the defects set forth in the bill. The allegations as to the defendant seller's defaults differed slightly in the bill and the declaration in the action. The allegations set forth in the plea were treated by the parties as true. The plea was allowed. *Held,* that

(1) As between the plaintiff and the defendant seller, the substance of the issues raised and decided in the action at law was the same as that of the issues raised by the bill; the plaintiff's cause of action was the same in both proceedings;

(2) So far as the controversy between the plaintiff and the defendant seller was concerned, the parties were the same in both proceedings, notwithstanding the circumstance that the defendant mortgagee was not a party to the action at law: there could be no relief against the defendant mortgagee in the suit in equity if all the issues between the plaintiff and the defendant seller had been determined in that defendant's favor;

(3) The plea properly was allowed.

The bill above described did not contain allegations that the plaintiff had assumed and agreed to pay the mortgage, or that there was any contract between the plaintiff and the defendant mortgagee, or that that defendant had induced the plaintiff to expend any money in remedying defects in the building, or that the terms of the construction loan agreement had been fulfilled, or that the defendant mortgagee was under any obligation to pay to the defendant seller anything more under that agreement, or that the plaintiff had promised or had been requested to pay, or had in fact paid, any part of the mortgage. *Held,* that

(1) The relations between the defendant seller and the defendant mortgagee arising out of the construction loan agreement or the mortgage were not affected by the purchase of the property by the plaintiff;

(2) The bill set out no ground for relief in equity against the defendant mortgagee.

It further appeared from the bill above described that the plaintiff had accepted a deed of the premises in question from the defendant seller, which acceptance was, under the terms of the agreement of sale, "full performance and discharge" of that agreement. The plaintiff's allegations in the bill were directed at defects in construction and

workmanship, rather than failure of the defendant seller to complete the building. There was no allegation of warranty as to the nature of the building as completed or as to the details of its construction. *Held*, that the bill set out no facts showing that the defendant seller had committed acts against the rights of the plaintiff for which there was not full and adequate remedy at law.

BILL IN EQUITY, filed in the Superior Court on April 9, 1929, and afterwards amended.

The bill, and a plea and demurrers by the defendants, are described in the opinion. After hearing by *C. H. Donahue*, J., an interlocutory decree was entered by order of *Collins*, J., allowing the plea and sustaining the demurrers. Thereafter a final decree dismissing the bill was entered by order of *Williams*, J. The plaintiff appealed from both decrees.

*A. M. Beale*, for the plaintiff.

*W. J. Holbrook*, for North Weymouth Cooperative Bank, submitted a brief.

*J. J. McAnarney & H. T. Patten*, for the defendant Jackson, submitted a brief.

RUGG, C.J. This suit in equity was filed on October 24, 1929. The allegations of the amended bill, so far as material to the grounds of this decision, in substance are these: The plaintiff on February 7, 1927, agreed in writing to purchase of Edith I. Jackson (hereafter called the defendant) land with buildings thereon then in process of construction. On April 4, 1927, the defendant conveyed the property to the plaintiff "subject to a mortgage originally written for $8000 and held by the North Weymouth Cooperative Bank" (hereafter called the bank). The plaintiff paid a substantial price and accepted the deed. The mortgage was in the statutory form, with power of sale, and was security for a construction loan for $8,000. As basis for this construction loan the defendant entered into a contract with the bank contained in an application for loan made by the defendant and certain plans and specifications showing the building to be erected, which were examined by officers of the bank, and in by-laws, rules and regulations of the bank, one of which was that officers of the bank should determine the question of fact whether

the building had reached such state of completion as to release the successive payments agreed to be made by the bank. When the plaintiff took title to the property "the building was not completed and has never been completed" by the defendant and consequently the defendant "never became entitled to all the money which the bank agreed to advance." Numerous specifications of defects in construction and workmanship of the building are set forth in the bill, together with costs to the plaintiff of remedying the same, of most of which the defendant and the bank had notice. It is alleged that it would be inequitable for the defendant to receive from the bank any part of the last payment of $1,000 on the construction mortgage, unless the plaintiff is first paid or has credit for the expenses due and to become due on account of remedying the defects as specified. The prayers of the bill are that it be determined how much the plaintiff has expended for the benefit of the defendant to put the buildings in such condition that the money on the construction loan will be due to the defendant from the bank, that such amount be deducted from the mortgage and not paid to the defendant, that further credits be given to the plaintiff for specified expenses necessary to render the buildings usable, and for general relief.

The defendant filed a plea setting out that the plaintiff brought an action at law against her in which judgment was rendered for the defendant on April 5, 1929. A copy of the declaration in that action is annexed to the plea whereby it appears that the cause of action alleged was, in one count, breach of the agreement of February 7, 1927, between the parties, taking of title by the plaintiff to the property therein described before completion of the buildings and failure by the defendant to complete the same as agreed in several specified particulars; in another count in tort, false and fraudulent representations by the defendant as inducements to the plaintiff to enter into said contract; and in a third count acceptance by the plaintiff of deed under said contract, being induced thereto through false and fraudulent representations by the defendant as to most

of the matters set forth in the present bill respecting defects in workmanship and construction of the building on the land in question. The defendant in that action answered by general denial, trial was had, finding made for the defendant, and ultimately judgment was entered in her favor. The defendant also filed a demurrer to the bill in the case at bar, assigning among others as grounds that the bill set out no cause of action and want of equity. The bank demurred, assigning among others as causes want of equity and that no contractual relationship was set out between it and the plaintiff. An interlocutory decree was entered allowing the sufficiency of the plea and sustaining each demurrer on the grounds above recited. Final decree was entered dismissing the bill. Appeal by the plaintiff from each decree bring the case here.

The plea filed by the defendant set out a single fact or point which, if established, will defeat the suit as a whole or some particular aspect of it. That is the essential requisite of a plea. *Reilly* v. *Selectmen of Blackstone*, 266 Mass. 503, 507, and cases cited. The substance of the plea is *res judicata* touching all matters set out in the bill between the plaintiff and the defendant. That defence is appropriate for a plea in equity. *Eastman Marble Co.* v. *Vermont Marble Co.* 236 Mass. 138, 148. As between the plaintiff and defendant, the action at law covered the same issues as those raised by the present bill. This is manifest upon comparison of the pleadings in the two proceedings. Both are founded on their agreement of February 7, 1927, and the deed pursuant thereto of April 4, 1927, and the failure of the defendant to perform the stipulations in connection therewith. While there are some relatively small differences between the specifications of defaults by the defendant in the present bill and those in the declaration in the action at law, it is clear that both grow out of the same cause of action. All the damages accruing to the plaintiff out of that cause of action were or ought to have been alleged and assessed in the action at law. Such a cause of action cannot be split and made the subject of several proceedings in the courts. *Canning* v. *Shippee*,

246 Mass. 338, and cases collected. The familiar statement of the doctrine of *res judicata*, to the effect that "a judgment on its merits in a former action between the same parties is a bar, as to every issue which in fact was or which in law might have been litigated, to later action upon the same cause," embraces that principle. *Cote* v. *New England Navigation Co.* 213 Mass. 177, 180. *Magaw* v. *Beals*, 272 Mass. 334, 338. The plaintiff cannot avoid the force of *res judicata* by varying the form or phrases contained in her declaration in the earlier action in the allegations of her present bill when it is apparent from comparison of the pleadings in both that they set forth in substance and effect the same cause of action. *Barnes* v. *Huntley*, 188 Mass. 274. *Canning* v. *Shippee*, 246 Mass. 338. The circumstance that the bank was not a party to the action at law and is joined as a party defendant in the present bill is not sufficient to render inapplicable the plea of the defendant. So far as concerns the issues here raised against the defendant, they are the same as those raised in the earlier action at law. That is apparent from inspection of the pleadings. There can be no relief against the bank on the allegations of the bill, touching the relations between the plaintiff and the defendant, if all matters at issue between the plaintiff and the defendant in the action at law are taken to be decided in favor of the latter. If the defendant has committed no breach of the agreement of February 7, 1927, and of her deed of April 4, 1927, and did not by fraud or deceit induce the plaintiff to any conduct to her harm with respect to either, there is no ground for relief in equity against the bank respecting those transactions. Therefore, the parties on the present record are the same as those in the earlier action at law so far as relates to the points in controversy between the plaintiff and the defendant. Thus there is present every element essential for invoking the doctrine of *res judicata* — identity of cause of action and issues, the same parties, and judgment on the merits by a court of competent jurisdiction. *Hanzes* v. *Flavio*, 234 Mass. 320, 329. *Shapiro* v. *Park Trust Co.* 253 Mass. 383, 389.

It has not been argued that matters set forth in the plea were not true. The case has been presented and considered on the footing that they are not in dispute.

The bill sets out no ground for relief in equity against the bank. It does not allege any contract between the plaintiff and the bank, or that the latter by act or word, expressly or by implication, has induced the plaintiff to expend any money in remedying defects in the building on her land. It does not allege that the terms of the construction loan agreement between the bank and the defendant have been fulfilled, or that the bank is under any obligation to pay to the defendant anything more under that agreement, or that the unpaid balance thereunder has become due. There is no averment that the plaintiff has completed the building in accordance with the construction loan agreement. There are allegations to the effect that the building was not completed at the time that the plaintiff took deed to the property. There is one allegation respecting necessary ventilation in order to render parts of the building safe and sanitary and to remedy negligent work and improper planning, plainly implying that these changes have not been made by anybody and will require the expenditure of considerable sums. Allegations of the bill as to expenses paid by the plaintiff relate to the remedying of defects of construction and workmanship, not to completion of unfinished parts of the building. The allegations are not framed with respect to the terms of the construction loan agreement between the bank and the defendant. That agreement is not set forth by copy or described as to substance or legal effect. It may be that the time for making final payment by the bank to the defendant will never arrive. *O'Connell* v. *Root,* 254 Mass. 218, 222. *Joly* v. *Stoneman,* 271 Mass. 352, 356–357. *Rothenberg* v. *Newton Mortgage Corp.* 273 Mass. 399. The allegations of the bill imply that the building has not been and never will be completed by the defendant. If the final payment from the bank under the construction agreement is not due until after the completion by her of the building, it is difficult to see how such final payment can ever become

due. The relations between the bank and the defendant arising out of the construction loan agreement or the mortgage were not affected by the purchase of the property by the plaintiff. The plaintiff merely bought subject to the mortgage but did not agree to assume and pay the same. The defendant continued liable to the bank. *City Institution for Savings* v. *Kelil*, 262 Mass. 302, 306. *Lowell Cooperative Bank* v. *Dafis*, 276 Mass. 3. The plaintiff therefore did not become a surety for the payment of the mortgage. Cases like *Codman* v. *Deland*, 231 Mass. 344, and *Bloch* v. *Budish*, 279 Mass. 102, 106, are not applicable. There is no allegation that the plaintiff has promised or has been requested to pay, or has in fact paid, any part of the mortgage.

There are set out no facts showing that the defendant has committed acts against the rights of the plaintiff for which there is not full and adequate remedy at law. Although there is a general allegation that the building was not completed by the defendant, the specifications following relate solely to defects in constructions erected and in quality of workmanship performed. They appear to be directed to the fitness of the building as completed and not to particulars in failing to complete. But there is no allegation of warranty, express or implied, as to the nature of the building as completed or as to the details of its construction. The acceptance by the plaintiff of the deed from the defendant was by the terms of the agreement of February 7, 1927, "full performance and discharge" of that agreement. The bill sets out such acceptance of deed. The principle on which the plaintiffs prevailed in *Gray* v. *McClellan*, 214 Mass. 92, is not applicable to the facts disclosed on this record. Compare *Whelan* v. *Exchange Trust Co.* 214 Mass. 121.

No question is raised as to rights of the bank in aiding a subsequent purchaser of the equity in preference to an original mortgagor in default as to his construction loan agreement. Therefore that question need not be considered. See *Williams* v. *Whitinsville Savings Bank, post*, 297.

*Interlocutory and final decrees affirmed.*