Estes, J.
The .plaintiff as a trustee in bankruptcy, is seeking to recover an alleged preference. The defendant filed a proof of claim against the bankrupt with the referee in bankruptcy for the balance of its claim; the plaintiff objected to the allowance of the proof of claim because of the alleged preference. After hearing the referee found that the payment to the defendant was a preference, and disallowed the proof of claim as filed, but allowed it for the full amount of defendant’s original claim on condition that the defendant surrender to the plaintiff trustee, within ten days, the preference paid to it.
The plaintiff offered in evidence an authenticated copy of the referee’s order. The defendant objected to the admission of the order. The court admitted the order in evi *100 dence, and ruled that he was ¡bound by the finding of the referee on the doctrine of res judicata.
The defendant contends, that at best, the order of the referee was only prima facie evidence. There are few decisions on the direct point, but we are of the opinion that the court ruled correctly. The doctrine of res judicata is available to the plaintiff, 34 C. J. S. 1160 P. 479 and the cases cited. Contrary to the contention of the defendant, we think the elements necessary to apply the doctrine are present 34 C. J. S1162 P. 752. Franklin vs. North Weymouth Coop. Bank, 283 Mass. 275.
The facts found by the referee were final. The judgment of an inferior court of jurisdiction is binding on other courts 34 C. J. S1169, P. 759. This applies to orders affecting substantial rights 34 C. J. S1177 at P. 764.
The issues involved in the instant case were decided in accordance with this decision by the Circuit Court of Appeals of the United States and the District Court of the United States in the following oases — Breit v. Moore, 220 Federal Reporter, 97 and Lincoln v. Peoples National Bank, 260 Federal Reporter, 422.
There appears to be no prejudicial error in the treatment of the defendant’s requests, or the admission of the order in evidence. Report dismissed.