SADIE FORMAN *vs.* LOUIS E. WOLFSON.

Suffolk.    April 4, 1951. — May 4, 1951.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Res Judicata.    Physician and Surgeon.*

A cause of action in contract against a surgeon for injury caused to the plaintiff, a woman, through an operation on her nose performed by him unsuccessfully in breach of an agreement and warranty by him that he would by operation correct a malformation of her nose was res judicata by reason of a judgment for him as defendant in a previous action of tort brought by her for injury sustained through his negligence in performing the same unsuccessful operation.

CONTRACT. Writ in the Superior Court dated December 10, 1945.

The action was tried before *Buttrick,* J.

*J. P. Sullivan,* (*J. F. Mahan* with him,) for the plaintiff.

*J. F. Dunn,* for the defendant.

COUNIHAN, J. This is an action of contract by writ dated December 10, 1945, for breach of warranty in an alleged oral contract whereby the defendant, a physician and surgeon, agreed for consideration to correct a malformation of the plaintiff's nose, without leaving any permanent injury or disfigurement. The defendant in his answer, among other defences, sets up res judicata. The action was tried to a jury and at the conclusion of the evidence, upon motion, the judge directed a verdict for the defendant. The action comes here upon the plaintiff's exceptions.

The evidence most favorable to the plaintiff as disclosed by the bill of exceptions is as follows: On or about March 12, 1942, the plaintiff consulted the defendant, who examined her upon several occasions. Thereupon he agreed for consideration to operate, and promised that he would remove a small amount of soft tissue from the bottom of her nose which would correct the malformation and leave no permanent injury or disfigurement. The defendant performed the operation which not only failed to correct the condition but resulted in further malformation and injury. The plaintiff by writ dated March 15, 1944, had previously brought an action in tort, alleging negligence of the defendant in the same operation and in after treatment. That action was tried to a jury who on June 7, 1945, returned a verdict for the defendant, upon which judgment for the defendant was entered. *Forman* v. *Wolfson,* 321 Mass. 749.

The declaration in the earlier action alleged that she employed the defendant to perform an operation and to attend and care for her; that the defendant performed the operation; and that by reason of the carelessness, negligence and unskilfulness of the defendant, the operation was not successful and she suffered injury and damage. The

declaration in the present action alleges an agreement to operate with a warranty that he would successfully correct the condition, "but due to the disregard by the defendant of his obligations under the aforesaid contract, and his failure to exercise the professional skill, which he had warranted that he would exercise," the plaintiff's nose was in a worse condition after the operation than before.

In all essentials the allegations in the earlier declaration were the same as in the present one, except that the first one sounded in tort and this one in contract. They were both based upon the alleged failure of an operation by the defendant to correct the condition of the plaintiff's nose. Both actions manifestly arose from the same cause and, the first one having terminated in favor of the defendant, the second will not lie. In *Franklin* v. *North Weymouth Cooperative Bank*, 283 Mass. 275, at pages 279–280, the late Chief Justice Rugg said, "While there are some relatively small differences between the specifications of defaults by the defendant in the present bill and those in the declaration in the action at law, it is clear that both grow out of the same cause of action. All the damages accruing to the plaintiff out of that cause of action were or ought to have been alleged and assessed in the action at law. Such a cause of action cannot be split and made the subject of several proceedings in the courts. . . . Thus there is present every element essential for invoking the doctrine of res judicata — identity of cause of action and issues, the same parties, and judgment on the merits by a court of competent jurisdiction." This language accurately applies to the situation here.

*Exceptions overruled.*