UNITED STATES of America,
Plaintiff-Appellee,

v.

Paul L. TEMPLE, Defendant-Appellant.

No. 13308.

United States Court of Appeals
Seventh Circuit.

Feb. 16, 1962.

Myer H. Gladstone, Chicago, Ill., for appellant.

James P. O'Brien, U. S. Atty., Chicago, Ill., Morton Hollander, Chief Appellate Section, Alan S. Rosenthal, Atty., U. S. Department of Justice, Washington, D. C., William H. Orrick, Jr., Asst. Atty. Gen., Stanley M. Kolber, Department of Justice, Washington, D. C., for appellee.

Before SCHNACKENBERG, KNOCH and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

This is an action for damages and forfeitures brought under the False Claims Act, 31 U.S.C.A. § 231,[1] by the United States against the defendant, Paul L. Temple. The District Court entered judgment against defendant in the sum of $209,000 after determining that the allegations of counts I and II of the complaint were not denied—therefore deemed admitted—and that the defenses raised by defendant were not available to him.

Counts I and II allege that defendant is a partner in the Sullivan Box Factory, a partnership, of Sullivan, Illinois; that to obtain two loans of money for the Sullivan Box Factory from the Smaller War Plants Corporation[2] (predecessor

1. This statute provides in pertinent part: "Any person * * * who shall make * * * any claim upon or against the Government of the United States * * knowing such claim to be false, fictitious, or fraudulent * * * shall forfeit and pay to the United States the sum of $2,000, and, in addition, double the amount of damages which the United States may have sustained by reason of the doing or committing such act * * * and such forfeiture and damages shall be sued for in the same suit."

2. Created by Act of June 11, 1942, 56 Stat. 354 as amended 59 Stat. 95.

to the Reconstruction Finance Corporation) defendant knowingly made on November 1, 1945, and January 24, 1946, certain false statements to the Corporation; that by reason of these false statements [3] the Corporation disbursed $205,000 to the Sullivan Box Factory which it would not have done if these frauds had not been practiced upon it by defendant. The complaint further alleges that defendant is liable under the provisions of Section 231 for $2,000 on each count and in addition double the amount of damages which the government sustained by reason of defendant's fraudulent misrepresentations. The gist of the alleged false statements is that the partnership required capital to perform certain purchase orders undertaken by it. In one instance the purchase order did not exist and in the other it had been altered to reflect a much larger order than had been received.

Defendant did not deny the allegations in these counts but asserted three defenses: 1) the false statements made to procure government loans were not false claims within the meaning of the Act because the applications for loans made no claim to government funds but were mere requests for funds; 2) the suit was not instituted within the six-year statutory limitation period provided by 31 U.S.C.A. § 235 and such bar, being jurisdictional, was not tolled by the Wartime Suspension of Limitations Act, 18 U.S.C. § 3287; and 3) since the government previously obtained a judgment on the loans in a common law suit based on a default in the payment of promissory notes representing the loans, it is precluded upon an application of the rules of res judicata from bringing the action.

We have concluded that the judgment must be reversed on the ground that the former adjudication on the notes bars the present action. It is therefore unnecessary to discuss the questions raised by the first two defenses.

On June 13, 1946, the Reconstruction Finance Corporation filed a complaint in the Southern District of Illinois alleging that it was the holder of several promissory notes executed by defendant and his partner to the Smaller War Plants Corporation; that payments on these notes had not been made when due; and that pursuant to the terms of the notes the entire unpaid indebtedness was immediately due. A default judgment on the notes was entered for $381,430.65.

It is agreed that the loans upon which the present complaint is based were included in the notes upon which the default judgment was entered in the Southern District of Illinos; that is, the defendant assigned the fraudulent purchase orders to the Smaller War Plants Corporation as collateral security for certain promissory notes executed by the partners of the Sullivan Box Factory to the Corporation and thereupon the company was granted the loans. The prior judgment was based in part on these notes.

The District Court ruled that the prior adjudication does not bar the present action since fraud is the essential element under the False Claims Act while the former suit was in contract on the notes. Thus, the Court reasoned, this action may be pursued in spite of a prior judgment since the two remedies are not inconsistent but rather are both based on an affirmation of the contract.

In our view the crucial question is whether the government must elect to pursue either the common law remedy in contract on the notes or the statutory remedy for fraud in the procurement of the loans. If so, then a judgment obtained on one remedy clearly would preclude suit on the other remedy.

If, as the government argues, no election is required because the remedies sought are not inconsistent, then it would seem to follow that a recovery could be had first on the contract and then under

---

3. The government says these false statements constitute false claims within the meaning of Section 231. For the purposes of this opinion we assume this to be a correct characterization.

the statute or, in other words, triple damages could be recovered. The government conceded, however, that this is not the consequence when it admitted before the District Court that the only damages to which it is entitled under the present action are additional single damages plus the $2,000 forfeiture on each count.[4] In effect the government's position is that the damages allowed under Section 231 are the maximum damages obtainable but that this amount is recoverable either in one suit under the statute or in two suits, one at common law and one under the statute.

■■ When a plaintiff has a single cause of action but is entitled to alternative remedies and he obtains a judgment for the payment of money in an action to enforce one of the remedies, his cause of action is merged in the judgment. The doctrine of merger under the rules of res judicata prevents the maintenance of a second action to pursue the alternative remedy. Restatement, Judgments § 64. This doctrine applies when a plaintiff has alternative remedies to recover damages to vindicate a wrong by bringing either a tort or contract action. 50 C.J.S. Judgments § 654.

The question presented here is whether the government has a single cause of action for which it is entitled to pursue either of two remedies but not both.

The promissory notes on which the government sued and obtained judgment in the prior action represent the same compensatory damages to which it might be entitled in an action under Section 231 based on the false, fictitious and fraudulent statements. This is so because the promissory notes represent the loans which were granted by reason of the false and fraudulent statements made by defendant. Whether the government obtains these compensatory damages in an action on the notes or in an action sounding in tort, the compensatory damages to which it might be entitled are the same. As was said in Ohio Fuel Gas Co. v. City of Mt. Vernon, 37 Ohio App. 159, 174 N.E. 260, 263:

> " 'A party cannot by varying the form of action or adopting a different method of presenting his case escape the operation of the principle that one and the same causes of action shall not be twice litigated. Where either of two remedies is equally available to vindicate the same right, the judgment in an action employing one of them will bar a resort to the other.' " [Quoting 2 Freeman, Judgments (5 Ed.), § 684]

See also: Ratner v. Rockwood Sprinkler Co., 340 Mass. 773, 166 N.E.2d 694. The conclusion is that the government has only a single cause of action for which it may pursue one of two remedies but not both.

■ It is true that had the government elected to pursue the course originally that it now attempts, it may have been awarded double the compensatory damages as well as the $2,000 forfeiture on each count. It elected, however, to sue on the promissory notes and when it did so, it recovered a judgment representing the compensatory damages which it sustained by reason of the false and fraudulent statements. Accordingly, the judgment in the Southern District of Illinois merged the alternative remedy provided by the statute.

It might be argued that the present action should at least permit the government to recover the $2,000 forfeiture on each count inasmuch as this is an additional remedy aside from the damages to which the government might be en-

---

4. The District Court recognized the concession by awarding only single damages plus the statutory forfeitures although the complaint demanded double damages.

That triple damages would not be allowed in a case such as this was implied in United States v. Globe Remodeling Co., Inc., D.C., 196 F.Supp. 652.

There the court held that where original losses had been reduced by partial repayment, the damages under the False Claims Act would be twice the amount of the original losses, but then the amount already repaid was deducted to arrive at the amount of the judgment.

titled under Section 231. The statute, however, provides that " * * * such forfeiture and damages shall be sued for in the same suit."

It might be argued also that there is a fallacy in our logic in that if a total of no more than double damages is recovered, it does not matter how many actions are brought. The answer is that if the two actions had been brought not in tandem but simultaneously, the government would have been required to elect its remedy. This election may not be circumvented by bringing separate actions, one of which follows an adjudication of the other. Such circumvention would undermine the policies upon which the rules of res judicata are based.

The judgment is reversed.