FEDERICO EQUIPMENT CORPORATION *vs.* MAX R. KARGMAN & another. May 1, 1970. The plaintiff seeks to recover $17,333.71 in contract for labor and the use of equipment allegedly furnished by it to the two defendants, during the course of construction on their property. On February 6, 1969, the defendants filed a motion alleging that there was no genuine issue of material fact but only questions of law in connection with the action, and they moved for the immediate entry of judgment in their favor. G. L. c. 231, § 59. The motion was accompanied by an affidavit of each defendant alleging that "[a]t no time did I . . . enter into any contractual relationship, oral or written, with the plaintiff or make any agreements whatsoever with the plaintiff concerning the performance of work or providing of equipment at the . . . project, nor did I ever agree to pay for such work." Section 59 provides that such allegations are to be taken as admitted unless the opposing party shall file "*contradictory affidavits*" or "*an affidavit showing specifically and clearly reasonable grounds for believing that contradiction can be presented at the trial but cannot be furnished by affidavits*" (emphasis supplied). The plaintiff filed its affidavit on April 17, 1969. After a hearing, the defendants' motion for judgment was allowed, and the plaintiff is appealing from that order. There was no error. The pertinent part of the affidavit of the plaintiff's president was a statement that he "received numerous telephone calls from various persons including persons who stated that they were representatives of the owners; that each . . . advised me that if the *subcontractor which hired the plaintiff* failed to pay us, the owners would pay for our work" (emphasis supplied). This affidavit does not contradict the affidavits of the defendants, but rather substantiates the latters' claims that they did not hire the plaintiff. Neither does the plaintiff's affidavit show "specifically and clearly reasonable grounds for believing that contradiction can be presented at the trial but cannot be furnished by affidavits." For these reasons we hold that the plaintiff's affidavit is deficient, and that the facts alleged in the defendants' affidavits are to be taken as admitted. *Ratner* v. *Rockwood Sprinkler Co.* 340 Mass. 773, 775. The order allowing the motion for judgment for the defendants must be affirmed. We therefore need not consider questions raised by the defendants as to the timeliness of the plaintiff's affidavit, and as to the applicability of G. L. (Ter. Ed.) c. 259, § 1, Second.

*So ordered.*

*Leonard M. Frisoli, Jr.*, for the plaintiff.
*Morris Michelson* for the defendants.