**Hazel L. GLESENKAMP, Plaintiff,**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY, a corporation, Defendant.**

**No. C–70–1727.**

United States District Court,
N. D. California.

May 5, 1972.

Ernest M. Thayer, San Francisco, Cal., for plaintiff.

Miller, Groezinger, Pettit & Evers, San Francisco, Cal., for defendant.

### MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS

RENFREW, District Judge.

This action arises out of a dispute as to the extent of coverage afforded under a travel accident insurance policy issued to plaintiff by defendant. Plaintiff sustained injuries which are the subject of

this claim while boarding a boat. Defendant refused to honor plaintiff's claim for these injuries on the ground that the policy afforded coverage only while she was riding as a passenger aboard a boat, not while she was in the act of boarding. Upon defendant's refusal to honor her claim, plaintiff instituted this lawsuit, alleging causes of action based on fraud, breach of contract, and constructive trust. The breach of contract claim, which was based on defendant's failure to perform under the terms of the insurance policy, was disposed of on March 19, 1971, when this Court granted plaintiff's motion for summary judgment as to that cause of action. In satisfaction of this partial summary judgment, plaintiff received the sum of $2,018.43, which represented actual damages in the amount of $1,530 plus interest. Defendant contends that on the basis of the doctrine of election of remedies and res judicata, satisfaction of plaintiff's claim under the contract bars further action on her fraud claim. The matter is now before the Court on defendant's motion to dismiss.

Plaintiff's fraud claim is founded on an allegation that defendant never intended to insure plaintiff at the time the policy was issued. Under this cause of action, plaintiff alleges actual damages in the amount of $1,530 plus interest, damages for mental suffering in the amount of $15,000, and punitive damages in the amount of $50,000. Defendant frames the issue in terms of whether the different theories of recovery arise out of one state of facts and give rise to but one wrong to be redressed, or whether they arise out of separate and distinct facts and are for redress of different violations of plaintiff's rights, thereby allowing them to be consecutively prosecuted. This is essentially a proper statement of the question which confronts the Court. Defendant argues that plaintiff's remedies for breach of contract and fraud are inconsistent, and that to allow plaintiff to recover under the fraud claim would be to allow her to recover twice for the same wrong.

In oral argument defendant urged this Court to apply the rationale of the Seventh Circuit's holding in United States v. Temple, 299 F.2d 30 (7 Cir. 1962), to this matter and find that further prosecution of the fraud claim by plaintiff is barred by the principle of res judicata. However, while the rationale of that opinion is persuasive, this Court must reach its decision in this matter on the basis of the applicable California law.*

Defendant relies on authority which stands for the proposition that plaintiff may not recover twice for the same wrong. Although different theories of recovery may be pleaded and pursued, once plaintiff recovers under one theory, he is thereby precluded from pursuing to conclusion other claims based on the same right or rights. This is undoubtedly a proper statement of the law. In many situations a tort and a contract claim arise out of the same act. Defendant relies on Acadia v. Herbert, 54 Cal.2d 328, 336–337, 5 Cal.Rptr. 686, 353 P.2d 294, 299 (1960) which states that "An act that constitutes a breach of contract may also be tortious" (5 Cal.Rptr. 691, 353 P.2d 299). The action in *Acadia* was based on defendant's failure to comply with obligations under two agreements to supply water to plaintiff. The same act, failure to provide water, constituted the basis for the tort claim and the contract claim. The California Supreme Court in that case held that the trial court had correctly instructed the jury that it could award damages under either a contract or a

---

* In oral argument plaintiff also argued that Bankers Trust Co. v. Pacific Employers Insurance Co., 282 F.2d 106 (9 Cir. 1960) should be regarded as compelling denial of this motion to dismiss. However, the *Bankers* case arose under the laws of Nevada, not California, and it is conceded by both parties that California law governs this issue. In addition, while the rationale of that opinion is suggestive, the factual situation underlying that decision is far different from the instant case.

tort theory, but not both. Defendant relies on *Acadia* in support of the proposition that damages cannot be awarded under both a contract and fraud theory.

However, the present case involves a different situation than those relied on by defendant, in that the operative facts underlying the breach of contract claim are different than those underlying the fraud claim. The breach of contract came only after plaintiff suffered her personal injuries, at the time defendant refused to honor her claim for those injuries. The alleged fraud occurred at the time when the contract was entered into by the parties. Defendant's failure to honor the claim serves only to evidence earlier fraudulent acts, not as an operative element of the fraud. Therefore, any cases dealing with alternative tort or contract recovery in an action in which both claims are based on the same act, incident, or operative facts are not precedent for the present case.

The fact that plaintiff alleges actual damages in her fraud claim which equal those sought and recovered under the breach of contract claim does not mean that plaintiff has suffered no actual damages by way of defendant's alleged fraud in excess of those recovered under the breach of contract claim. Plaintiff may not, of course, recover again for the injuries she suffered in the accident, as she has already been fully compensated for said injuries through summary judgment on the breach of contract claim. However, the California Court of Appeals, citing extensive California authority, held that recovery may be had for both breach of contract and for fraud in an action where the fraud consisted of a misrepresentation by an insurer as to its willingness to honor the terms of a policy. Wetherbee v. United Insurance Company of America, 265 Cal.App.2d 921, 71 Cal.Rptr. 764, 769 (1968). The Court stated that: "The damage resulting from this wrongful conduct—the payment of premiums for coverage which defendant never intended to provide clearly cannot be deemed nonexist-

ent merely because plaintiff has now recovered judgment against defendant and has thus obtained redress for its wrongful conduct" (71 Cal.Rptr. 770). The rationale of the *Wetherbee* decision is controlling and, therefore, defendant's motion to dismiss must be denied. See also Sharp v. Automobile Club of Southern California, 225 Cal.App.2d 648, 37 Cal.Rptr. 585 (1964).

While plaintiff may well have a significant problem of proof as to the factual basis underlying her claim of fraud, as defendant appears to suggest, the issue of proof is one for trial and such difficulties are not sufficient to sustain this motion to dismiss.