RICHARD C. J. LAFONTAINE & another *vs.* PAUL J. FILLELA. March 6, 1979. It is apparent that the judge, in ruling on the defendant's motion to dismiss brought under Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974), considered matters outside of the pleadings[1] without the clear cut agreement of the parties, and as a result the issues raised before us cannot be properly evaluated on the present state of the record. In particular we cannot assess the first ground stated in support of the motion since there is nothing in the record to indicate whether the question of Paul Fillela's negligence had been adjudicated by the judgment entered after the return of the general verdict in the first suit between the parties or, if so, with what result.

As to the second and third grounds of the motion, dealing with the effect of the stipulation of dismissal and the release executed together with it in the settlement of the second case brought by the LaFontaines against Fillela for personal injuries, the judge, when the matter comes before him again (presumably by way of a well pleaded motion for summary judgment under Mass.R.Civ.P. 56[b], 365 Mass. 824 [1974], after the defenses of res judicata and release are raised by the

---

[1] Contrary to the defendant's assertion, there is no indication that the judge took notice of the stipulation of dismissal entered in the prior suit between the parties, or that the release was a matter of court record. The release does not seem to be properly a part of the record here. See Mass.R.A.P. 8(a), as amended, 367 Mass. 919 (1975). See generally discussion in *Capodilupo* v. *Petringa*, 5 Mass. App. Ct. 893, 894-895 (1977).

defendant in its answer in accordance with Mass.R.Civ.P. 8[c], 365 Mass. 750 [1974]), is to put the burden on the plaintiff LaFontaine to demonstrate why the claim for contribution asserted in the third action should not be considered barred, either because it is precluded by the judgment dismissing the second suit with prejudice[2] or because of the unambiguous terms of the release. And with particular reference to the release as it bears on the question of contribution, attention should be paid to the facts (1) that the terms of the release are broad and appear to provide a release of all past, present and future claims, *Willett* v. *Herrick*, 258 Mass. 585, 595, cert. denied, 275 U.S. 545 (1927); *Willett* v. *Webster*, 337 Mass. 98, 104 (1958); *Sherman* v. *Koufman*, 349 Mass. 606, 610-611 (1965); *Naukeag Inn, Inc.* v. *Rideout*, 351 Mass. 353, 356 (1966); (2) that, if it was intended to exclude the contribution claim from its spacious sweep, such an exclusion does not appear to have been expressed, *Deland* v. *Amesbury Woolen & Cotton Mfg. Co.*, 7 Pick. 244, 246 (1828); *Radovsky* v. *Wexler*, 273 Mass. 254, 258 (1930); *Tupper* v. *Hancock*, 319 Mass. 105, 108 (1946); and (3) that G. L. c. 231B, § 4(b), as appearing in St. 1962, c. 730, § 1, expressly provides that "a release . . . given in good faith to one of two or more persons liable in tort for the same injury . . . shall discharge the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor." See generally discussion in Note, 43 B.U.L. Rev. 417, 426 (1963), and in Hennessey, Torts: Indemnity and Contribution — The New Contribution Statute, 47 Mass. L. Q. (No. 4) 421, 433-434 (1962).

*Judgment reversed.*

*Stephen J. Andrick (Alan H. Robbins* with him) for Richard C. J. LaFontaine.
*Philip D. Epstein (Penny A. Levin* with him) for the defendant.

___

[2] See *Franklin* v. *North Weymouth Coop. Bank*, 283 Mass. 275, 279-280 (1933); *Forman* v. *Wolfson*, 327 Mass. 341, cert. denied, 342 U.S. 888 (1951); *Ratner* v. *Rockwood Sprinkler Co.*, 340 Mass. 773 (1960); *Fassas* v. *First Bank & Trust Co.*, 353 Mass. 628 (1968); contrast *Sandler* v. *Silk*, 292 Mass. 493 (1935).