**FEDERAL DEPOSIT INSURANCE
CORPORATION**
vs.
**DORADO REALTY CORPORATION
Robert ST. JEAN & Irene ST. JEAN**

No. 8738

Appellate Division of the
District Courts/Northern District
Trial Court of the
Commonwealth of Massachusetts

**August 20, 1982**

**Jordan L. Shapiro,** counsel for plaintiff
**Robert F. Dore, Jr.,** counsel for defendants

## OPINION

**Tiffany, J.** This is an action in contract by the plaintiff, as liquidating agent of the Mohawk Bank & Trust Company, to recover a $6,650.00 balance allegedly due on a promissory note executed by the defendants and payable to Mohawk.

The plaintiff filed a single paragraph complaint on September 15, 1980 in the Concord Division of the District Court Department. On October 15, 1980, the defendants submitted a Dist./Min. Cts. R. Civ. P. 12(b) (3) motion to dismiss on the grounds of improper venue. Specifically, the defendants asserted that an action could not be instituted in Middlesex County by the plaintiff as: (1) the individual defendants were both residents of and the corporate defendant had its sole place of business in Fitchburg, Worcester County, Massachusetts; (2) the original named payee of the promissory note at issue, Mohawk Bank & Trust Company, maintained its place of business in Greenfield, Franklin County, Massachusetts; and the plaintiff did not have a place of business within Middlesex County and the jurisdiction of the Concord Division.

The defendants further alleged non-compliance by the plaintiff with Dist./Mun. Cts. R. Civ. P. 10(b).

Defendants' motion to dismiss was allowed by the trial court on October 29, 1980.

The plaintiff filed a "Motion to Revoke Order of Dismissal and for Leave to File Amended Complaint" on November 10, 1980 which was assented to by defendants' counsel. In conjunction with its motion, the plaintiff submitted a proposed amended complaint, in proper paragraph form, which alleged that the plaintiff corporation maintained a usual place of business in Lexington, Middlesex County, Massachusetts. This motion was denied without explanation by the trial court on November 12, 1980.

The matter is before this Division as the plaintiff is aggrieved by both the allowance of the motion to dismiss, by the denial of its motion to revoke such dismissal and to file an amended complaint.

As to the trial court's allowance of the motion to dismiss, the defendants urge us to sustain this ruling on the basis that the trial court was restricted in its determination to a consideration solely of the plaintiff's complaint. It is well established that matters outside the pleadings may not be reviewed upon a Rule 12(b)(6) motion, **Davenport .v. Danvers,** 322, Mass. 580, 582 (1955); Smith & Zobel, Rules Practice, sec. 12.14, P. 304 (6 M.P.S. (1974) ), unless the proper notice is given both that the court will treat the motion as one for summary judgment pursuant to Rule 56 and that all parties will be afforded a reasonable opportunity to present additional material. **Mongeau v. Boutelle (a)/; LaFontaine v. Fillela,** 7 Mass. App. Ct. 870 (1979).

In the case **sub judice,** the defendants' motion was submitted pursuant to Rule 12(b)(3) rather than Rule 12(b)(6); and thus the procedural bar to a judicial examination of additional material is

inapplicable. "Many of the defenses which may be raised by motion or answer under Rule 12(b) will require supporting affidavits because the defense will not often appear on the face of the complaint." Smith & Zobel, Rules Practice sec. 12.14, P. 304 (6 M.P.S. (1974). The report herein disclosed that an affidavit was submitted to the court by the defendants themselves. Any supporting affidavits or other evidentiary materials offered by the plaintiff could have been properly considered by the trial court.

The plaintiff did not avail himself of this opportunity and introduced nothing beyond a written brief or other argument to substantiate its claim that the Concord Division of the District Court Department in Middlesex County was the proper venue for the case at bar. On the basis of defendants' Rule 12(b)(3) assertions, which were apparently supported by an affidavit, the trial court had sufficient justification to dismiss the instant suit for lack of venue. The trial court's allowance of defendants' motion was not erroneous as a matter of law given the absence of contrary evidence in the form of affidavit or supporting material offered by the plaintiff.

The plaintiff is correct in its contention, however, that the Concord Division of the District Court Department in Middlesex County, was the proper venue for the instant action despite the respective location of the defendants and the Mohawk Bank & Trust Company (the plaintiff's antecedent) in Worcester and Franklin Counties. This question was unequivocally resolved in the plaintiff's favor in **Federal Deposit Insurance Corporation v. Hemphill (b)/**, wherein this Division stated:

> "By virtue of G.L. c. 167, sec. 26, however, the Federal Deposit Insurance Corporation is vested with both legal and equitable title to all of the assets, rights or claims and to all of the real and personal property of the closed bank."

This statutory grant of title effectively designates the plaintiff herein as the real party in interest in the present action, and empowers the plaintiff to prosecute the action in its own name. Dist./Mun. Cts. R. Civ. P. Rule 17.

General Laws c. 223, secs. 8(4) and 2 indicate:

> "The proper venue for this action is any county wherein one of the parties lives or has a usual place of business."

As the plaintiff maintains an office in Middlesex County, the plaintiff was thus entitled to commence the suit in the Central Middlesex Division of the District Court Department at Concord. **Ibid** at 488-489. As the plaintiff's proposed amended complaint herein alleges, the plaintiff corporation maintains a usual place of business in Lexington, Massachusetts, a town within the jurisdiction of the Concord Division of the District Court Department. Pursuant to G.L. c. 223, secs. 8(4) and 2, the plaintiff was thus entitled to institute this action in the Concord Division and no charge of improper venue can validly be maintained by the defendant.

The defendants' contention that the trial court's dismissal of the plaintiff's suit may have been predicated on the doctrine of forum non-conveniens is wholly without merit. To permit dismissal on these grounds, the record must clearly show the quantum and quality of the inconvenience claimed by the defendant. If insufficient evidence of an undue burden is demonstrated, dismissal is not in order. The **Carlson Corporation v. University of Vermont (c)/**.

The report before this Division is clearly devoid of even the slightest indication that the Concord Division is an inconvenient forum for the defendants. No allegation has been made that sources of proof are unavailable to the defendants or could be produced in Middlesex County only at great expense and with difficulty; or that unwilling witnesses if any, could not be compelled to attend a trial in Concord. A motion for dismissal

on such grounds must be clearly and distinctly drawn; where no specific request relative to forum non-conveniens is made, it cannot be simply assumed that the trial court applied the doctrine in its order of dismissal.

As the Concord Division was the proper venue for this action, the dispositive issue on this appeal is whether the trial court erred in denying the plaintiff's motion to revoke its order of dismissal and to file an amended complaint. Given both the plaintiff's allegation in its proposed amended complaint that it maintained a usual place of business in Lexington, Massachusetts, and the plaintiff's citation of **Federal Deposit Insurance Company v. Hemphill, supra,** in its written brief previously submitted to the court, it is clear on the record that the trial court had the requisite law and facts before it upon which a correct resolution of the venue question could have been reached. It would appear that the trial court should have allowed the plaintiff's motion.

Rule 15(a) of the Dist./Mun. Cts. R. Civ. P. states in relevant part:

> "A party may amend his pleadings once as a matter of course at any time before a responsive pleading is served and prior to an entry of an order of dismissal . . . Otherwise, a party may amend his pleadings only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

The plaintiff's motion herein was assented to in writing by counsel for the defendants. The motion and assent by the adverse party was in full compliance with the rules and the trial court's denial of this motion was in error under Dist./Mun. Cts. R. Civ. P. 15(a).

The report in the instant case reveals no apparent reason for the denial of the plaintiff's motion to revoke the order of dismissal and amend its complaint. The plaintiff's amended complaint clearly establishes that the plaintiff maintains a usual place of business within the jurisdiction of the Concord Division. Moreover, the plaintiff's amended complaint drafted in paragraph form, clearly adheres to the dictates of Dist./Mun. Cts. R. Civ. P. 10(b), the alternative grounds originally advanced by the defendants for dismissal. Finally, accepting the allegations of the plaintiff's complaint as true, **Hub Theatres, Inc. v. Massachusetts Port Authority,** 370, Mass. 153, 154 (1976); **Jones v. Brockton Public Markets, Inc.,** 369, Mass. 387, 388 (1975), the court's denial of plaintiff's Rule 15 motion cannot be sustained on the basis that the plaintiff's amended complaint reveals "beyond a doubt that there is no set of facts which the plaintiff could prove in support of his claim which would entitle him to relief." **Nader v. Citron,** 379, Mass. 96, 98 (1977). The plaintiff's proposed complaint contains a plain statement or clear allegation that the plaintiff is entitled to recover from the defendant the balance due on a promissory note to a bank for which the plaintiff now serves as liquidating agent.

The plaintiff's amended complaint is free from the defects inherent in their original pleadings, **Blank v. Kaitz,** 350, Mass. 779 (1966), and is not vulnerable to a Rule 12(b)(6) dismissal. Therefore, it cannot be concluded that the trial justice legitimately based his denial of plaintiff's motion on a valid determination that an amendment would serve no useful purpose, and that nothing would be gained by further proceedings in this matter. No apparent reason for the trial court's denial of the plaintiff's motion can be discerned from the report. The trial justice should have substantiated his order with a concise statement of his express reasons for his denial. In the absence of such a statement, the trial court's denial of the plaintiff's motion to revoke dismissal and to file an amended complaint cannot be sustained. An "outright refusal to grant the leave to amend without any justifying reason appearing for the denial is not an exercise of discretion; it is merely an abuse of that

discretion and inconsistent with the spirit of the federal rules." **Castellucci v. United States Fidelity & Guaranty Co.,** 372 Mass. 289 (1977).

The trial court's denial of plaintiff's motion to vacate the dismissal and to file an amended complaint was in error. The denial is herewith vacated and this matter is remanded to the trial court for further proceedings and trial.

So ordered,

**Elliott T. Cowdrey, P.J.**
**H. Lawrence Jodrey, J.**
**James B. Tiffany, Jr., J.**

This certifies that this is the opinion of the Appellate Division in this cause.

**Suzanne Hurley**
**Clerk, Appellate Division**

INSERTION PAGE 3

**a/** Mass. App. Ct. Adv. Sh. (1980) 1369, 1370.

INSERTION PAGE 4

**b/** Mass. App. Div. Adv. Sh. (1978) 486.