Hand, P.J.
In this appeal, appellant The Colonial Inn, LLC (“Inn”) claims that the trial court erroneously allowed appellee Jacob Smith (“Smith”) two opportunities to litigate the same claims in the course of the Inn’s efforts to evict Smith from a room he rented at the Inn. Because, as we discuss below, we find that the only issue litigated in the first proceeding between the parties was Smith’s request for a temporary restraining order allowing him access to the room, and not the full spectrum of the parties’ claims and counterclaims against each other, we affirm the trial court’s ruling.
It is uncontested that, beginning in December, 2013, Smith rented a private room and use of a shared bathroom (“the room”) at the Inn, with an agreed-upon rent to be paid weekly. The parties’ dispute began in early February, 2014. Smith contended that he made a rent payment to the Inn, via the Inn’s drop-box system; the Inn denied receiving that payment. Smith alleged that on February 9,2014, without any prior notice from the Inn that rent was overdue or that the Inn planned to evict him, the Inn changed the locks on the room, thus denying Smith access to the room and the belongings that he kept there. Although the Inn’s manager ultimately allowed Smith access to the room to collect his things, Smith was not permitted to resume occupancy of the room.
Within a week, Smith filed in the appropriate district court a “Verified Complaint for Injunctive Relief,” seeking a temporary restraining order and preliminary injunction requiring the Inn to allow him to continue to live in the room, and to prohibit the Inn from evicting him without the court’s permission. Smith’s complaint also sought damages against the Inn for unlawful eviction, in violation of G.L.c. 184, §18[1]; for interference *196 with his quiet enjoyment of the room, per G.L.c. 186, §14[2]; and for intentional infliction of emotional distress resulting from the improper eviction. According to the docket, the complaint was filed on February 13, 2014, with Smith’s motion for fee waivers. Later the same day, the court heard Smith’s motion for a temporary restraining order; the transcript of that February 13,2014, hearing is included in the record before us.
When the case was called, the transcript shows that Smith’s counsel explicitly requested “a short evidentiary hearing on the request for a TRO.” Smith did not request an immediate trial on the parties’ claims against each other; the Inn, which appears to have been represented by managing member Douglas Obey, pro se, did not seek to expand the scope of the hearing requested by Smith’s attorney. The court agreed to hold the hearing, and the parties went forward. While the evidence presented was not narrowly tailored to the request for a restraining order, there is no indication in the record that the parties agreed that the motion hearing would be converted to a trial on all claims, or that the court entertained more than the motion for the temporary restraining order. To the contrary, Smith’s counsel, in closing, specifically limited Smith’s request for relief to the restraining order: ‘Tour Honor, we’re here today essentially just requesting a restraining order that Mr. Smith be allowed back into his — these premises, Your Honor.” Neither party asked for rulings on anything other than Smith’s request for the order allowing him back into the room. Neither party objected to either the judge’s oral findings limited to that issue, or to the court’s written order to the same effect. Hie docket reflects the court’s allowance of the motion for a temporary restraining order, but does not include any judgment for possession or damages for any party. The parties ultimately tried their claims against each other on May 1,2014. On the record before us, the Inn failed to raise any objection to the ongoing litigation or trial until after the conclusion of that trial.[3]
*197 The sole issue on appeal is whether the ruling made by the motion judge after the February 13, 2014, hearing on the motion for a temporary restraining order barred, by res judicata, further litigation of Smith’s claims against the Inn. We find that it did not do so. In Massachusetts, “[tjhe term ‘res judicata’ includes both claim preclusion and issue preclusion. See Heacock v. Heacock, 402 Mass. 21, 23 n.2 (1988).” Kobrin v. Board of Registration in Med., 444 Mass. 837, 843 (2005). Under the circumstances, we consider the effect of claim preclusion on the parties’ claims.[4]
“The doctrine of claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and bars further litigation of all matters that were or should have been adjudicated in the action. See Franklin v. North Weymouth Coop. Bank, 283 Mass. 275, 279-280 (1933), and cases cited. This is so even though the claimant is prepared in a second action to present different evidence or legal theories to support his claim, or seeks different remedies. See Mackintosh v. Chambers, 285 Mass. 594, 596-597 (1934), and cases cited; Restatement (Second) of Judgments §25 (1980).” Heacock, supra at 23-24. “The invocation of claim preclusion requires three elements: ‘(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits.’ DaLuz v. Department of Correction, 434 Mass. 40, 45 (2001), quoting Franklin v. North Weymouth Coop. Bank, 283 Mass. 275, 280 (1933).” Kobrin, supra at 843. Even if the first two criteria for application of claim preclusion are met in this case, it is clear that there was no final judgment on the merits of either party’s substantive claims against the other. Consequently, claim preclusion does not apply, and Smith’s recovery is not barred by res judicata. See id.
Rulings affirmed.

 Section 18 of G.L.c. 184 provides:
No person shall make an entry into land or tenements except in cases where his entry is allowed by law, and in such cases he shall not enter by force, but in a peaceable manner.
No person shall attempt to recover possession of land or tenements in any manner other than through an action brought pursuant to chapter two hundred and thirty-nine or such other proceedings authorized by law. The superior and district courts shall have jurisdiction in equity to enforce the provisions of this section.

 Section 14 of G.L.c. 186 provides, in relevant part
Any lessor or landlord of any building or part thereof occupied for dwelling purposes, ... who directly or indirectly interferes with the quiet enjoyment of any residential premises by the occupant, or who attempts to regain possession of such premises by force without benefit of judicial process, shall be punished by a fine of not less than twenty-five dollars nor more than three hundred dollars, or by imprisonment for not more than six months.
Any person who commits any act in violation of this section shall also be liable for actual and consequential damages or three month’s rent, whichever is greater, and the costs of the action, including a reasonable attorney’s fee, all of which may be applied in setoff to or in recoupment against any claim for rent owed or owing. The superior and district courts shall have jurisdiction in equity to restrain violations of this section.

 On March 5, 2014, the Inn served Smith with a notice to quit for nonpayment of rent, and filed the summary process action that gives rise to this appeal. Smith counterclaimed against the Inn for the same violations of G.L.c. 186, §14, and G.L.c. 184, §18, and the same intentional infliction of emotional distress claim, that he had alleged in his February complaint for the temporary restraining order, and moved to *197 consolidate his still-pending claims against the Inn with the Inn’s summary process action against him. The cases were consolidated, set for bench trial, and tried on May 1,2014. The trial judge granted possession of the room to the Inn, awarded damages to the Inn on its claims and counterclaims against Smith, awarded damages to Smith on his claims and counterclaims against the Inn, and also awarded attorney’s fees to Smith. Only after the trial court issued its rulings did the Inn raise the argument that the matters tried on May 1,2014, had been resolved in the February 13,2014, motion hearing.

 Issue preclusion, by contrast, “prevents relitigation of an issue determined in an earlier action where the same issue arises in a later action, based on a different claim, between the same parties or their privies.” Heacock, supra at 23 n.2.