PETER T. MALONE *vs.* JESSE M. BELCHER.

Hampden.    September 23, 1913. — December 13, 1913.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DE COURCY, JJ.

*Abuse of Process. Malicious Attachment. Practice, Civil,* Premature action. *Damages,* In tort.

It is not necessary, in order to maintain an action for an alleged abuse of civil process in causing property of the plaintiff to be attached in order to prevent him from carrying out a sale of the property to a third person and to compel a sale of it to the defendant, to show that the action in which the attachment was made has been terminated.

In order to maintain an action for an alleged abuse of civil process in causing property of the plaintiff to be attached, it is necessary to show that the defendant in instituting the action in which the attachment was made acted both with malice and without probable cause for the maintenance of such action.

While exemplary damages may not be awarded in an action for an abuse of civil process, the plaintiff may recover the damages that he suffered as the natural consequence of the wrong done, including injury to business, reputation and feelings.

TORT for malicious abuse of civil process in the attachment of real estate of the plaintiff. Writ in the District Court of Western Hampden, dated February 21, 1912.

On appeal to the Superior Court, the case was tried before *Ratigan*, J. The material facts are stated in the opinion. At the close of the evidence, the plaintiff asked the judge to rule as follows:

1. "The jury are to take into consideration in awarding damages the circumstances of the case, the nature of the attachment, and its natural effect upon the reputation, credit, financial standing and the injury to the private feelings of the plaintiff."

2. "If the jury shall find that the defendant in making said attachment was actuated by express malice, the jury may award exemplary damages. In fixing the amount of such damages the jury may take into consideration the nature of the wrong done and the circumstances of making the attachment, and the results therefrom."

The defendant asked for the following rulings:

"1. On all the evidence the plaintiff is not entitled to recover.

"2. On the pleadings and evidence the plaintiff is not entitled to recover.

"3. The action was prematurely brought."

All of the foregoing rulings were refused. The jury found for the plaintiff in the sum of $1; and both parties alleged exceptions.

The case was submitted on briefs.

*A. S. Kneil,* for the plaintiff.

*J. D. Kaps, J. L. Doherty & W. G. Brownson,* for the defendant.

MORTON, J. This is an action of tort to recover of the defendant damages for a malicious abuse of process in causing property which the plaintiff had bargained to sell to one Peterson to be maliciously attached for the purpose of preventing said sale and compelling the plaintiff to convey the same to the defendant or to such person or persons as he might designate. There was a verdict for the plaintiff with the amount of which he is dissatisfied. The case is here on exceptions by both parties to the refusal of the presiding judge to give certain rulings asked for, — those requested by the plaintiff going to the measure of damages, and those requested by the defendant to the maintenance of the action. There is also an exception by the defendant to the charge.

There was evidence tending to show that, while the action was brought by the defendant and the attachment was made for the ostensible purpose of collecting a commission which he claimed to

be due him from the plaintiff, the real object was by means of the action and attachment to prevent the conveyance of the property to Peterson and to secure it for himself. The plaintiff testified amongst other things that the defendant said, "'I am going to attach it' [meaning the property which the plaintiff had agreed to sell to Peterson]. I said, 'What right do you claim, Mr. Belcher, to attach it?' He said, 'I want to hold up the sale; that is the only way I can hold it up.'" The plaintiff also testified that in answer to his question, "Who is your customer," the defendant replied: "It was myself, Mr. Malone." This and other evidence introduced by the plaintiff warranted, if believed, a finding that the real object of the action and attachment was not that for which the action purported to have been brought and the attachment made, but was for the purpose of preventing the transfer of the property to Peterson and getting it, if the defendant could, for himself. This would constitute a malicious abuse of process for which the defendant would be liable.

The gravamen of the cause of action was the malicious attachment by means of the action for the purpose of preventing the transfer to Peterson. It was not necessary in order to maintain the action to show a termination of the action in which the attachment was made, as it would have been in a case of malicious prosecution. The attachment for the purpose of preventing the sale to Peterson was a perversion of the object which the writ was intended by law to effect, and it was therefore immaterial whether the action in which the attachment was made had been terminated or not. But as to malice and want of probable cause the case stood differently. The defendant had the right, even though actuated by malicious motives, to attach the property to secure a claim which he had probable cause for believing was due to him from the defendant. In these respects the case was analogous to a case for malicious prosecution, and it was necessary, as the judge instructed the jury, for the plaintiff to show malice and want of probable cause. *Savage* v. *Brewer,* 16 Pick. 453. *Wood* v. *Graves,* 144 Mass. 365. *Zinn* v. *Rice,* 154 Mass. 1. *White* v. *Apsley Rubber Co.* 181 Mass. 339. *Grainger* v. *Hill,* 4 Bing. (N. C.) 212. *Hearn* v. *Shaw,* 72 Maine, 187. *Mayer* v. *Walter,* 64 Penn. St. 283. Drake on Attachment (2d ed.) § 726. 19 Am. & Eng. Encyc. of Law (2d ed.) 632. Bigelow on Torts

(8th ed.) 230. 3 Ann. Cas. 722, note. Malice was defined by the court, as the exceptions state, in a manner not excepted to. The effect of the attachment was to prevent the sale and the plaintiff could not therefore be required, as bearing on the question of damages, to give a bond to dissolve it. It follows from what we have said that the instructions requested by the defendant were rightly refused and that the exceptions to the charge cannot be maintained.

On the question of damages the plaintiff offered evidence to show that "by reason of said action and said attachment he had been injured in his business credit, in his financial standing and in his feelings." The judge refused to admit the evidence and the plaintiff duly excepted. The plaintiff also asked the judge to instruct the jury that the jury should "take into consideration in awarding damages the circumstances of the case, the nature of the attachment, and its natural effect upon the reputation, credit, financial standing and the injury to the private feelings of the plaintiff." The judge refused to give the ruling thus requested, and charged the jury on the question of damages that what the plaintiff was entitled to recover was the difference in value between the price the plaintiff was then getting for the property in case he failed to get his price by reason of the defendant's intervention and the market value of the property. The plaintiff excepted to the refusal to instruct as requested and also to the charge.

We are of opinion that there was error in refusing to admit the evidence that was offered and in refusing to give the instruction that was requested. It is settled that in an action for malicious prosecution damages may be received for injury to business, reputation and feelings. *Wheeler* v. *Hanson*, 161 Mass. 370. Drake on Attachment (2d ed.) § 745. We think that by analogy the same rule extends to actions for malicious attachment. In each case the law is "maliciously used for a purpose for which it is not intended," and the party injured should be allowed to recover all such damages as are the natural and probable consequences of the action complained of. Exemplary damages are not awarded, but only such damages as are the natural consequence of the wrong done.

It follows that the defendant's exceptions must be overruled

and the plaintiff's exceptions sustained.   But as the plaintiff's exceptions relate only to the matter of damages, the new trial will be confined to the assessment of damages.

*Ordered accordingly.*