## LEVINSON v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. March 10, 1920.)

No. 2504.

1. WITNESSES ⟨⇒393(6)—READING PART OF DEFENDANT'S PRIOR TESTIMONY IS PERMISSIBLE, WHERE HE IS PERMITTED TO READ THE REST.

It was not error for the court to permit the government to read parts of the prior testimony of defendant relating to a particular issue, showing contradictory statements, where the offer to do so was coupled with consent that defendant should read such other parts of the testimony as he saw fit.

2. WITNESSES ⟨⇒379(8) — TESTIMONY BEFORE REFEREE IS ADMISSIBLE ON PROSECUTION FOR FILING FRAUDULENT CLAIM.

Testimony by defendant, given before the referee in bankruptcy, relating to his claim against the estate, that the money he paid the bankrupt was for the purchase of stock, is admissible in a prosecution against him for making a fraudulent claim, to support which he testified the payments were loans to the bankrupt.

3. WITNESSES ⟨⇒287(1)—REDIRECT EXAMINATION TO EXPLAIN STATEMENT IN CROSS-EXAMINATION PROPER.

In a prosecution for making a fraudulent claim against a bankrupt's estate, redirect examination of the bankrupt's bookkeeper as to a comparison of its books with statements, made with defendant's knowledge, in which the loan he claimed was not listed, which was in explanation of testimony elicited on cross-examination, was within the discretion of the trial judge.

4. BANKRUPTCY ⟨⇒495—BOOKS AND STATEMENTS OF BANKRUPT HELD ADMISSIBLE IN PROSECUTION AGAINST STOCKHOLDER FOR FILING FALSE CLAIM.

Books of a bankrupt corporation, with explanatory testimony of accountants, and statements of the corporation, made to credit companies, of which defendant had knowledge, are admissible in a prosecution for falsely claiming that payments made by defendant to the bankrupt were loans, and not for the purchase of stock.

5. BANKRUPTCY ⟨⇒496—STATEMENT TO COUNSEL BEFORE FILING CLAIM HELD NOT SO FAIR THAT COUNSEL'S ADVICE WAS A DEFENSE.

Where the jury found that defendant's claim that payments made by him to a bankrupt were loans, and not payments for stock, it was not error for the court to refuse to instruct an acquittal because defendant acted under advice of counsel, and to submit instead an instruction that the fact defendant acted on advice of counsel was a defense, if he fully and in good faith laid the facts before his counsel.

In Error to the District Court of the United States for the Middle District of Pennsylvania; Charles B. Witmer, Judge.

Barnet Levinson was convicted of knowingly and fraudulently presenting a false claim against the estate of a bankrupt, and he brings error. Affirmed.

T. M. B. Hicks and Max L. Mitchell, both of Williamsport, Pa., for plaintiff in error.

Rogers L. Burnett, U. S. Atty., and Jesse E. Sickler, Asst. U. S. Atty., both of Scranton, Pa., and Mortimer C. Rhone, Sp. Asst. U. S. Atty., of Williamsport, Pa.

Before BUFFINGTON, WOOLLEY, and HAIGHT, Circuit Judges.

BUFFINGTON, Circuit Judge. Against the estate of the Saunders Shoe Company, in bankruptcy, one Levinson had presented a claim for some $18,000, which he alleged was loaned to said company. On the other hand, the government alleged that the money in question represented a purchase by Levinson of the shoe company's stock, and that the said money had never been loaned to the company, and indicted Levinson for violating Bankruptcy Law, § 29 (Comp. St. § 9613), which provides:

"A person shall be punished, by imprisonment for a period not to exceed two years, upon conviction of the offense of having knowingly and fraudulently * * * presented under oath any false claim for proof against the estate of a bankrupt."

On the trial he was found guilty, and, on the court below having entered judgment on the verdict and imposed sentence, Levinson appealed to this court.

We have carefully examined the several assignments of error, and have found no error. Of these assignments, the first, second, and third concern rulings on the admissions of testimony. Without entering into a recital of them, we confine ourselves to saying we find no error in their admission.

[1, 2] The fourth assignment concerns the admission in evidence of certain statements made by Levinson in reference to the payments he had made to the bankrupt company, the nature of which payments were in issue in the present indictment. Over objection of the defendant, the court permitted the government to read such parts of such prior testimony as bore on that issue. We think the admission of these prior statements was admissible, and, as the offer to do so was coupled with consent that the defendant should read such other parts of the testimony as he saw fit, we can see no error. The defendant had appeared before the referee, had given testimony in such examination, and if his testimony there given was that the money he paid the shoe company was for the purchase of stock, we find no rule or principle of law which forbade his being confronted with such statements when in the trial of the case he testified such payments were loans.

[3] The fifth assignment concerns the evidence of a bookkeeper of the company, who testified to a comparison of the books of the shoe company with certain statements of assets, alleged to have been made with the knowledge of Levinson, to a bank, and in which his alleged loan to the shoe company was not listed.

As to whether the government could, in the light of the situation of this case, have given such evidence in chief, we have not that question before us, and therefore express no opinion. The testimony here complained of was given on redirect examination, and was in reality an explanation of testimony elicited by defendant's counsel on cross-examination. This matter having been brought into the case by the defendant on cross-examination, we think the subsequent admission, on redirect examination, of a further explanation of what the defendant had himself introduced into the case, was well within the discretion of the trial judge.

[4] The sixth, seventh, eighth, and ninth concern the admission in evidence of the books of the shoe company, the explanatory testimony of accountants who had examined them, and statements as to the financial condition of the company, made to credit companies, and of which Levinson had knowledge. We think the various offers were pertinent and helpful aids in determining the real issue in the cause, namely, whether Levinson had really loaned his money to the company, or paid it to the company in purchase of its stock.

[5] The tenth assignment of error raises the question which has been argued with deep earnestness and marked ability by the defendant's counsel. It is alleged to involve a situation where a man has in good faith submitted his claim to competent counsel and followed his advice, and is now convicted of a crime by reason of following such advice. Were the situation as above stated, a court might well pause before sustaining a sentence upon a defendant. But, when the facts of this case and the real issue are clearly grasped, it will be seen no such situation as above exists.

In the first place, the statute provides:

"A person shall be punished by imprisonment, for a period not to exceed two years, upon conviction of the offense of having knowingly and fraudulently * * * presented under oath any false claim or proofs against the estate of a bankrupt." Comp. St. § 9613.

Applying that statute to the present case, the issue was: Did the defendant present a claim for money loaned to the bankrupt, which he knew was false and fraudulent? Had he loaned his money to the company? If he had not, a claim presented for loaned money was false and fraudulent, and the presentation of such unfounded false claim was, by the statute, made a crime. Whether the defendant loaned the company money was a fact, and the defendant, and he alone, knew whether he had in fact loaned the money to the company. He says he loaned it, but the jury has found he did not, and consequently that, when he testified he had loaned his money to the company, he was not telling the truth. When, therefore, the defendant went to counsel, and told counsel, as he no doubt did, that he had loaned his money to the company, he had not, as the point quoted below assumes, "fully and in good faith laid the facts in regard to his claim against the Saunders Shoe Company before his counsel." This phase of the case the court below called to the attention of the jury in these words:

"Was he acquainted and familiar with the state of the bankrupt's accounts, and did he know his own relations to the company as debtor or creditor, whatever his relations may have been in that respect? If he did, and he knew how he stood, what his relations were, whether debtor or creditor, and what the state of his accounts with the corporation was, he should be held accountable and responsible for his statement presented, although he sought and obtained advice of counsel, as was testified; in other words, if he secured the advice of counsel simply as a subterfuge, or for excuse for presenting a claim which he knew or believed to be unfounded, he would not be excused. However, if, on the other hand, he was honestly in doubt as to the justice of his claim, believing in good faith he might have such claim, based upon the true circumstances of his business relations with the corporation, and he sought the advice of counsel, disclosing honestly and fully

the real and true facts concerning his claim to his lawyer, and who, after consulting with him, advised the defendant to the effect that his claim was just and legal, and thereupon his counsel, in accordance with the information he had just received from his client, Levinson, prepared the same, as you have it before you in this bill of indictment, it could not be said that the defendant knowingly presented, under oath, a false claim, and he should not be convicted."

It will thus be seen that the court was not in error in refusing the point of the defendant printed in the margin,[1] which was a request for binding instructions.  The point assumes that the undisputed testimony was that "the defendant had fully and in good faith laid the facts" before his counsel, when facts and the verdict of the jury show that this is just what he did not do.  He falsely represented to counsel that he had loaned money to the company, when in fact he had not, and consequently the assumption of facts in this point was not in accord with the proofs and the actual facts.

In substance, the errors alleged in the tenth, eleventh, and twelfth assignments, are the court erred in refusing to give binding instructions for the defendant.  In view of the proofs, we fail to see how the court could have properly refused to submit the case to the jury.  Seeing that it has thus determined the basic question of fraud against the defendant, we see no reason, under the proofs, why their verdict should not be followed by judgment and the sentence imposed.

---

[1] "The undisputed testimony being that the defendant had fully and in good faith laid the facts in regard to his claim against the Saunders Shoe Corporation before his counsel, and that upon them he was advised, as a matter of law, that the written claim which he swore to and filed against the corporation was a valid claim, and that all of the statements contained therein were the truth and could be properly sworn to, and that he, acting on this advice, did swear to the said claim, believing that he had been correctly advised, he is not guilty of any of the offenses charged in the indictment, and the jury are directed to acquit him."