JACOB MARCUS & another *vs.* JOHN B. RICHARDSON & others.

Middlesex.　　November 10, 1937. — December 6, 1937.

Present: FIELD, LUMMUS, QUA, DOLAN, & COX, JJ.

*Res Judicata.*

Judgment for the defendant in an action with a declaration on an account annexed for goods sold containing numerous items was not *res judicata* barring a later suit by the same plaintiff against the same defendant as guarantor of payment of one of the items in the account.

BILL IN EQUITY, filed in the Superior Court on February 24, 1936.

A final decree dismissing the bill was entered by order of *Walsh*, J. The plaintiffs appealed.

The case was submitted on briefs.

*F. I. Tobin*, for the plaintiffs.

*M. J. Cohen*, for the defendants Hurst.

Cox, J. This is a suit in equity brought on February 24, 1936, to reach and apply property, alleged to have been conveyed fraudulently by one of the defendants, George J. Hurst, to the payment of a debt due from him and the

defendant Richardson (hereinafter called the defendants) to the plaintiffs on a written guaranty. The plaintiffs have appealed from a decree dismissing the bill.

The bill alleges that the plaintiffs entered into a contract with one Porter to supply the interior finish hardware for a house which Porter was building, that the defendants guaranteed the plaintiffs would be paid for said hardware but that no payment has been made, and that the defendants owe the plaintiffs $1,082 together with interest. It is unnecessary to go into any details as to the alleged fraudulent conveyance, as the judge who heard the suit in the Superior Court found that there was no fraud. The defendant Richardson did not appear and answer and a decree *pro confesso* seems to have been entered against him. The defendant George J. Hurst's answer put in issue all the material allegations of the bill. It also set up that the plaintiffs were estopped to maintain their bill; that prior to the bringing of their bill the plaintiffs had brought an action against the defendants based upon a purported account annexed and in item 71 of the account sought to recover for the items, payment of which was undertaken by the guaranty; that this action was heard February 14, 1936; that the defendant Richardson was defaulted; that the judge made a finding for the defendant George J. Hurst; and that the "finding is *res judicata* of" the bill.

No evidence is reported, but the judge who heard the suit filed a "Report of Facts, Ruling of Law and Order for Decree." He found that the defendants executed and sent the guaranty to the plaintiffs; that the hardware was delivered and never paid for although the defendants promised to pay; that an action was entered in a district court against the defendants, the declaration being on an account annexed containing some three hundred and seventy-eight items, including in item 71 "1 house hardware — $1082.00," and totalling $1,869.61, as well as seven credit items totalling $321.52. He further found that the account from which the declaration was prepared was furnished to their counsel by the plaintiffs "and included the charge for the hardware sought to be recovered in" the present suit. He stated that

it was contended at the hearing before him that there was a mistake in including the item for $1,082 in the declaration, but that, the *ad damnum* of the writ being $3,000, he was satisfied there was no mistake in inserting this item in the items claimed. He ruled "that the proceeding in the District Court of Somerville, and the judgment therein as to the defendant Hurst is *res judicata.*" The judge also found that there is an execution outstanding and unsatisfied against the defendant Richardson as the result of default in the action in the District Court of Somerville, for an amount which includes the $1,082 sought to be established in this suit, and that the decree *pro confesso* (which we assume must have been entered) ought to be vacated.

Since the evidence is not reported, the only questions open upon the appeal are whether the final decree was within the scope of the bill and was supported by the facts found. The findings of fact made by the trial judge must be accepted as true unless the specific facts stated are necessarily inconsistent with the general conclusion reached. *Cleveland* v. *Hampden Savings Bank*, 182 Mass. 110, 111. *Peabody* v. *Dymsza*, 280 Mass. 341, 343.

The familiar rule is that as between the same parties a judgment on the merits in an earlier proceeding is a bar, as to every issue that in fact was or in law might have been tried, to a later proceeding upon the same cause of action, but that when the second proceeding between the same parties is upon a different cause of action from the first, then the judgment in the earlier proceeding is conclusive only upon those issues which actually were tried and determined. *Hanzes* v. *Flavio*, 234 Mass. 320, 329. The parties in this suit and in the action at law are the same so far as the application of this rule is concerned. *Franklin* v. *North Weymouth Cooperative Bank*, 283 Mass. 275, 280.

When the action upon the declaration on the account annexed was tried in the District Court, there was outstanding the obligation of the defendants on their guaranty to the plaintiffs. The first proceeding was not for the same cause of action, nor to be supported by the same evidence, as the second. The judgment in favor of the defendant George J.

Hurst in the action, in and of itself, constitutes no bar to the maintenance of this suit. *Harding* v. *Hale,* 2 Gray, 399; *Gage* v. *Holmes,* 12 Gray, 428. From other findings of the judge it appears that he inferred the judgment was based on the fact that the action was founded not on the guaranty but upon a claim for goods sold directly to the defendants (see *Nashua & Lowell Railroad* v. *Boston & Lowell Railroad,* 164 Mass. 222); and he stated, "but no motion to amend was made, nor were any steps taken by plaintiffs to remedy this inaccuracy or error [as to the insertion of the items for hardware in the declaration], nor was any delay requested of the court at the trial. . . . I am satisfied . . . that it was intended to bring suit against the defendants for the goods sold to Porter, for which the defendants guaranteed payment, and that in the action brought by appropriate steps, the claim of the plaintiffs could have been presented."

If by this it is meant that an amendment to the plaintiffs' declaration alleging a breach of the guaranty, if presented, would have been allowed, there is no finding on this point. *Topor* v. *Topor,* 287 Mass. 473. The allowance of such an amendment would have been discretionary. *Pizer* v. *Hunt,* 250 Mass. 498. *Norton* v. *Lilley,* 214 Mass. 239. *Newburyport Institution for Savings* v. *Puffer,* 201 Mass. 41.

The suit is distinguishable from *Mackintosh* v. *Chambers,* 285 Mass. 594. In that case the only transaction between the parties was a loan of money by the plaintiff to the defendants as evidenced by the defendants' note. Judgment for the defendants in an action on the note was held to be a bar to a later action on the money counts to recover the identical loan. Here we have a transaction between the plaintiffs and Porter involving the sale of merchandise, and another transaction in which all parties were concerned but which resulted in the guaranty being given.

The plaintiffs in their brief expressly waive any objections to so much of the final decree as dismisses the bill against the defendant Richardson. So much of the decree as dismisses the bill against the defendant Richardson is affirmed; the remainder of the decree is reversed and, as the record discloses no good reason to the contrary, the suit is remanded

to the Superior Court for determination, on the equity side, of the defendant George J. Hurst's liability, if any, to the plaintiffs on the guaranty. *Hoshor-Platt Co.* v. *Miller,* 190 Mass. 285. G. L. (Ter. Ed.) c. 235, § 6.

*Ordered accordingly.*