New England Waterproofing Co., Inc., & another *vs.*
The C. S. Hathaway & Sons Laboratories Inc. &
others.

Suffolk.    May 2, 1938. — June 28, 1938.

Present: Lummus, Qua, Dolan, & Cox, JJ.

*Equity Pleading and Practice*, Decree.

A decree in a suit in equity was ordered modified by the elision of an
order which was not within the scope of the bill or supported by any
facts found, by adding an order that the defendant pay the plaintiff
certain sums recited in the decree to be due to the plaintiff, and by
the elision of a direction that an execution therefor issue.

Bill in equity, filed in the Superior Court on December
3, 1937.

The case was heard by *J. W. Morton*, J., and in this court
was submitted on briefs.

*E. Laycock & S. Rosenberg*, for the defendants.

*S. P. Weston*, for the plaintiffs.

Cox, J.   The defendants' appeal is from a final decree
entered after "Findings and Rulings and Order for Decree"
by a judge of the Superior Court. The evidence is not
reported. The only questions open are whether the final
decree was within the scope of the bill and was supported
by the facts found. The findings of fact made by the trial
judge must be accepted as true unless the specific facts
stated are necessarily inconsistent with the general con-
clusion reached. *Marcus* v. *Richardson*, 299 Mass. 11, 13.

The defendants have addressed no argument to the
court touching any relevant question which is raised by

the appeal. We have examined the record, however, and find no grounds for disturbing the findings of fact which were made by the trial judge. There is no occasion to recite them beyond saying that the plaintiff corporation, hereinafter referred to as the plaintiff, entered into a written contract with the defendant corporation and Chester S. Hathaway, by one term of which the plaintiff was to be furnished with materials made from a secret formula; that these materials were not furnished and that the contract was violated in other respects to the damage of the plaintiff; that the other defendants named have interfered with the plaintiff in the prosecution of its work under the contract.

In the record there is printed an interlocutory decree taking the bill for . confessed under the provisions of "the Superior Court Rules No. 25," and also a motion of the defendants that this interlocutory decree be vacated. There is nothing in the record to show that any action was taken upon this motion, but an examination of the docket entries (see *Sherman* v. *Sidman, ante,* 102) discloses that the motion was allowed, "Deft. to file answer on or before Dec. 27, 1937." The trial judge on January 7, 1938, found and ruled, "the complainant Nicholas P. Contestabile not objecting, that said complainant is not a proper party to the present bill . . . and the complainant Nicholas P. Contestabile may be allowed to discontinue his action, without prejudice." There is nothing in the record beyond this, but the docket entries disclose that on January 13, 1938, the discontinuance of the plaintiff Contestabile was entered.

The final decree requires some modification. So much of paragraph 9 as provides, "or deliver to the New England Waterproofing Co., Inc. the formula for said H-100X as made by The C. S. Hathaway & Sons Laboratories, Inc., said formula to be returned upon completion of the contract," should be struck out, as not being within the scope of the bill or supported by any facts found. Paragraph 11*

---

* Paragraph 11, after a recitation of sums due the plaintiff merely stated, "and that execution issue in favor of" the plaintiff.—REPORTER.

should contain an order for the payment of the sums found due the plaintiff (see *Fairbanks* v. *McDonald*, 219 Mass. 291, 298), and it is not necessary to order execution to issue. See Rule 83 of the Superior Court (1932).

Except as modified by what has been said the decree is affirmed with costs.

<div align="right">

*Ordered accordingly.*