### In re David L. MYERS, Debtor.

### Robert A. Thompson, Plaintiff,

### v.

### David L. Myers, Defendant.

**Bankruptcy No. 97–10215–W.
Adversary No. 98–80004–W.**

United States Bankruptcy Court,
D. South Carolina.

Aug. 27, 1998.

---

Curtis L. Coltrane, Hilton Head Island, SC, for plaintiff.

Philip L. Fairbanks, Beaufort, SC, for defendant.

## ORDER

JOHN E. WAITES, Bankruptcy Judge.

THIS MATTER comes before the Court upon the motion for summary judgment of the Plaintiff Robert A. Thompson ("Mr.Thompson") and the response of the Defendant/Debtor David L. Myers ("Mr. Myers") thereto. The Complaint filed in this adversary proceeding by Mr. Thompson, an unsecured creditor of Mr. Myers by virtue of a judgment rendered in a Massachusetts state court proceeding, sought the Court's determination that Mr. Myers' judgment debt to Mr. Thompson arose from a willful and malicious injury, and was thus excepted from discharge pursuant to 11 U.S.C. § 523(a)(6).[1] Mr. Thompson's motion for summary judgment seeks to have the Court invoke the doctrine of collateral estoppel to preclude Mr. Myers from re-litigating the issue of whether the judgment arose from a willful and malicious injury. Based upon the evidence presented and arguments of counsel, the Court makes the following Findings of Fact and Conclusions of Law pursuant to Rule 52 of the Federal Rules of Civil Procedure, made applicable by Rule 7052 of the Federal Rules of Bankruptcy Procedure.[2]

## FINDINGS OF FACT

In February of 1988, Mr. Myers, as trustee of a real estate development trust, brought an action in Massachusetts state court against Mr. Thompson, a builder, seeking an attachment against Mr. Thompson alleging damages in the amount of Ten

---

1. Further references to the Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, shall be by section number only.

2. The court notes that to the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and to the extent any Conclusions of Law constitute Findings of Fact, they are so adopted.

Million ($10,000,000.00) Dollars. Mr. Myers alleged that Mr. Thompson had negligently bulldozed a significant archaeological site on land owned by the real estate development trust. That same month, a Massachusetts judge issued an attachment against Mr. Thompson in the amount of One Million ($1,000,000.00) Dollars. Mr. Thompson attempted to have the attachment, which had damaged his business, dissolved but was unsuccessful. Mr. Thompson ultimately was able to have the attachment reduced to One Hundred Thousand ($100,000.00) Dollars in May, 1988, and the attachment was discharged in June of 1988, after Mr. Thompson deposited that amount with the court.

In April of 1990, Mr. Thompson filed suit in Massachusetts state court asserting various causes of action against Mr. Myers as a result of the attachment. The state court complaint, which named Mr. Myers along with several other trustees of the real estate development trust as defendants, alleged causes of action for abuse of process, malicious prosecution, negligence and violation of the Massachusetts' "Unfair and Deceptive Acts" statute.

Following a lengthy trial, the jury returned a verdict against Mr. Myers on Mr. Thompson's abuse of process claim and awarded Mr. Thompson damages in the amount of One Million Four Hundred Thirty–One Thousand ($1,431,000.00) Dollars and judgment was entered against Mr. Myers in that amount. The jury's verdict finding was based upon the preponderance of the evidence. Following the jury verdict, the trial judge in ruling on the cause of action asserted for unfair and deceptive acts, appeared to criticize and disagree with the jury's view of the evidence but did not set aside the abuse of process verdict. Mr. Myers did not file an appeal of the jury verdict on the abuse of process cause of action and the jury verdict and judgment became final.

During the pendency of the Massachusetts state court litigation, Mr. Myers relocated to South Carolina and in December 1997, Mr. Myers filed a petition under Chapter 7 of the Bankruptcy Code.

## CONCLUSIONS OF LAW

### A. Summary Judgment

In a motion for summary judgment, the movant bears the burden of coming forward with proof of the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 321, 106 S.Ct. 2548, 91 L.Ed.2d 265, 273 (1986), *Phipps v. Brown (In re Brown),* 84–00163, C–84–0145 (Bkrtcy.D.S.C. 9/5/85); Wright & Miller, *Federal Practice & Procedure, Civil,* § 2727 at p. 124 (1969). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.,* 840 F.2d 236 (4th Cir. 1988) and *Estate of Samson v. Ward (In re Ward),* 194 B.R. 53 (Bkrtcy.D.S.C.1995).

█ In this motion for summary judgment, Mr. Thompson alleges that the Massachusetts state court jury verdict and judgment against Mr. Myers arising from the abuse of process cause of action includes a finding by the jury that the actions of Mr. Myers were willful and malicious and therefore, as provided for in § 523(a)(6), Mr. Myers cannot discharge Mr. Thompson's Massachusetts state court judgment. According to Mr. Thompson's position, he is entitled to a summary judgment finding in the within adversary proceeding upon grounds of collateral estoppel as a matter of law.

### B. 11 U.S.C. § 523(a)(6)

█ Section 523(a)(6) of the Bankruptcy Code provides as follows:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

11 U.S.C. § 523(a)(6). "Willful", for the purposes of § 523(a)(6), means deliberate or intentional. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 365 (1977); *In re Meyer,* 100 B.R. 297 (Bkrtcy.D.S.C.1988), aff'd. on appeal, 100 B.R. 301 (D.S.C.1989) An act is "malicious" within the meaning of § 523(a)(6) if wrongful and without just cause or excuse. *In re Meyer,* supra; *St. Paul Fire & Marine Insurance Co. v. Vaughn,* 779 F.2d 1003 (4th Cir.1985). In order for the Court to grant Mr. Thompson's motion for summary judgment, the Court must find that the state court findings collaterally estop Mr. Myers from relitigating the willful and malicious elements contained in § 523(a)(6) and such a finding is predicated upon a determination by the state court that the actions of Mr. Myers were deliberate or intentional and wrongful and without just cause or excuse.

### C. Collateral Estoppel

■ Collateral estoppel principles apply to dischargeability proceedings. *Grogan v. Garner,* 498 U.S. 279, 284 & n. 11, 111 S.Ct. 654, 657 & n. 11, 112 L.Ed.2d 755 (1991).

"The bankruptcy court's otherwise broad powers do not include the power to reject a party's invocation of collateral estoppel on an issue fully and fairly litigated in another court." *Bugna v. McArthur (In re Bugna),* 33 F.3d 1054, 1058 (9th Cir.1994); *Gouveia v. Tazbir,* 37 F.3d 295, 300–01 (7th Cir.1994); *Johnson v. Laing (In re Laing),* 945 F.2d 354, 357–59 (10th Cir.1991); *First Jersey Nat'l Bank v. Brown (In re Brown),* 951 F.2d 564, 568–70 (3rd Cir. 1991); *Kelleran v. Andrijevic,* 825 F.2d 692, 694–95 (2nd Cir.1987), cert. denied, 484 U.S. 1007, 108 S.Ct. 701, 98 L.Ed.2d 652 (1988); *Boyajian v. DeFusco (In re Giorgio),* 862 F.2d 933, 936–37 (1st Cir. 1988).

*In re Abbo,* 192 B.R. 891 (Bkrtcy.N.D.Ohio (1996)) (giving collateral estoppel effect to an Ohio state court judgment on an abuse of process claim in a § 523(a)(6) adversary proceeding). In *Combs v. Richardson,* 838 F.2d 112 (4th Cir.1988), the Fourth Circuit Court of Appeals set forth the test for applying collateral estoppel in dischargeability proceedings. The Court stated that collateral estoppel would apply:

if the bankruptcy court found that: (1) the issue sought to be precluded was the same as that involved in the prior action, (2) that the issue was actually litigated, (3) it was determined by a valid and final judgment, and (4) the determination was essential to the prior judgment.

*Combs v. Richardson, Id.* at 115. Additionally, the Court must apply Massachusetts' law of collateral estoppel.

Collateral estoppel precludes relitigation of an issue decided previously in judicial or administrative proceedings provided the party against whom the prior decision was asserted enjoyed a full and fair opportunity to litigate that issue in an earlier proceeding. See *Allen v. McCurry,* 449 U.S. 90, 96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980). In *Grogan v. Garner,* 498 U.S. 279, 284 & n. 11, 111 S.Ct. 654, 657 & n. 11, 112 L.Ed.2d 755 (1991), the Supreme Court concluded explicitly that principles of collateral estoppel apply in dischargeability proceedings in bankruptcy. In determining the preclusive effect of a state-court judgment, the federal courts must, as a matter of full faith and credit, apply the forum state's law of collateral estoppel. See *Kremer v. Chemical Constr. Corp.,* 456 U.S. 461, 481–82, 102 S.Ct. 1883, 1897–98, 72 L.Ed.2d 262 (1982); 28 U.S.C.A. § 1738 (West 1994).

*Hagan v. McNallen,* 62 F.3d 619 (4th Cir. 1995). Massachusetts courts conduct a comparable analysis in applying the doctrine of collateral estoppel to determine the preclusive effect of prior litigation in subsequent proceedings.

Collateral estoppel, or issue preclusion, precludes the relitigation of issues that have previously been litigated. 50 *C.J.S.* Judgment § 779. "The premise of collateral estoppel is that once an issue has been resolved in a prior proceeding, there is no further fact finding function to be performed." *Id.* In deciding whether to apply collateral estoppel, a court must weigh the need to limit litigation against the right of a fair adversary proceeding in which a party may fully present his case. *Id.* The elements of issue preclusion are the "identity of cause of action and issues, the same parties, and judgment on the merits by a court of competent jurisdiction." *Almeida v. Travelers Ins. Co.*, 383 Mass. 226, 229, 418 N.E.2d 602 (1981) (citing *Franklin v. North Weymouth Coop. Bank*, 283 Mass. 275, 280, 186 N.E. 641 (1933)).

Collateral estoppel does not apply to a situation where an issue is being raised for the first time in a new cause of action. *Marcus v. Richardson*, 299 Mass. 11, 13, 11 N.E.2d 599 (1937) (holding that "[t]he familiar rule is that as between the same parties a judgment on the merits in an earlier proceeding is a bar, as to every issue that in fact was or in law might have been tried, to a later proceeding upon the same cause of action, but that when the second proceeding between the same parties is upon a different cause of action from the first, then the judgment in the earlier proceeding is conclusive only upon those issues which actually were tried and determined.")

*Scalfani v. Pacitto*, 7 Mass.L.Rptr. 337 (1997 WL 572957 (Mass.Super.) (1997)). See also *Aetna Casualty & Sur. Co. v. Niziolek*, 395 Mass. 737, 481 N.E.2d 1356 (1985); *Massachusetts Property Ins. Underwriting Ass'n v. Norrington*, 395 Mass. 751, 481 N.E.2d 1364 (1985); *Fidler v. E.M. Parker Co.*, 394 Mass. 534, 476 N.E.2d 595 (1985). In this case, the adversary proceeding involves the same parties and as will be discussed below, also

involves the same burden of proof and the same issues.

### D. Burden of Proof

■ A creditor seeking to have a debt excepted from discharge under § 523(a)(6) must prove the nondischargeability of the debt by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *Combs v. Richardson*, 838 F.2d (4th Cir.1988). Therefore, in order to apply the doctrine of collateral estoppel, the state court jury verdict and judgment must have been by the same burden of proof. In this case, it is clear that the jury was instructed that its finding had to be by the preponderance of the evidence and therefore the burden of proof for purposes of § 523(a)(6) and collateral estoppel has been met.

### E. Abuse of Process Cause of Action

Mr. Myers would be collaterally estopped from re-litigating the issue of the willful and malicious nature of his acts in obtaining an excessive attachment against Mr. Thompson if this Court determines, after examining the record in the prior action resulting in the judgment against Mr. Myers, that the issue was raised and that the resolution of the issue was necessary to the verdict. See *Combs v. Richardson*, supra; *In re Pitner*, 696 F.2d 447 (6th Cir.1982). As stated in the Findings of Fact, the jury returned a verdict in favor of Mr. Thompson against Mr. Myers on the abuse of process cause of action. If the Court determines that the elements of willfulness and maliciousness are encompassed in the abuse of process cause of action pursuant to Massachusetts' state law, Mr. Myers will be collaterally estopped from raising these issues in the within proceeding and summary judgment must be granted in favor of Mr. Thompson.

■ The Supreme Judicial Court of Massachusetts has recently reiterated the elements for an abuse of process claim.

"To constitute a cause of action for [abuse of process] it must appear that the process was used to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed." *Gabriel v. Borowy*, 324 Mass. 231, 236, 85 N.E.2d 435 (1949). See *Datacomm Interface, Inc. v. Computerworld, Inc.*, 396 Mass. 760, 775–776, 489 N.E.2d 185 (1986); *Beecy v. Pucciarelli*, 387 Mass. 589, 595–596, 441 N.E.2d 1035 (1982); *Jones v. Brockton Pub. Mkts., Inc.*, 369 Mass. 387, 389, 340 N.E.2d 484 (1975); *Powers v. Leno*, 24 Mass.App.Ct. 381, 383–384, 509 N.E.2d 46 (1987); Restatement (Second) of Torts § 682, at 474 (1977) ("One who uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed, is subject to liability to the other for harm caused by the abuse of process"); W.L. Prosser & W.P. Keeton, *Torts* § 121, at 899 (5th ed. 1984) ("The ulterior motive may be shown by showing a direct demand for collateral advantage; or it may be inferred from what is said or done about the process").

*Ladd v. Polidoro*, 424 Mass. 196, 675 N.E.2d 382 (1997). One of the fundamental elements of an abuse of process claim is the element of malice.

An action for the abuse of process or the malicious use of process does not lie in the absence of malice. *Lindsay v. Larned*, 17 Mass. 190; *Malone v. Belcher*, 216 Mass. 209, 211, 103 N.E. 637 [49 L.R.A. (N.S.) 753, Ann.Cas.1915A, 830].

*Shaw v. Fulton*, 266 Mass. 189, 165 N.E. 26 (1929).

As to the abuse of process claim, the defendants likewise argue that the denial of their motions for directed verdicts was error. On the evidence discussed above, we disagree. The essence of this tort is the **malicious** use of legal process "to accomplish some ulterior purpose for which it was not designed or

intended, or which was not the legitimate purpose of the particular process employed." *Jones v. Brockton Pub. Mkts., Inc.*, 369 Mass. 387, 389, 340 N.E.2d 484 (1975), quoting from *Quaranto v. Silverman*, 345 Mass. at 426, 187 N.E.2d 859. *Chemawa County Golf, Inc. v. Wnuk*, 9 Mass.App.Ct. 506, ———, Mass.App.Ct.Adv.Sh. (1980) 677, 679, 402 N.E.2d 1069. See *Restatement (Second) of Torts*, supra, s 682, Comment a, at 474; Prosser, *Law of Torts*, supra, s 121, at 856–857.

*Carroll v. Gillespie*, 14 Mass.App.Ct. 12, 436 N.E.2d 431 (1982) (emphasis added). Because the jury verdict found Mr. Myers liable for the abuse of process claim, it necessarily must have found that he acted with malice. However, pursuant to § 523(a)(6), the actions of Mr. Myers must have also been willful.

The essence of the tort of abuse of process is the malicious use of the legal process to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed. *Datacomm Interface, Inc. v. Computerworld, Inc.*, 396 Mass. 760, 489 N.E.2d 185 (1986); *Carroll v. Gillespie*, 14 Mass.App.Ct. 12, 436 N.E.2d 431 (1982); *Broadway Management Services v. Cullinet Software*, 652 F.Supp. 1501 (D.Mass. 1987). The improper misuse of the legal process must be a willful and intentional act. See 1 Am.Jur.2d *Abuse of Process* § 5.

In order to have an abuse of process claim, it must be alleged that a defendant used process to accomplish an ulterior or illegitimate purpose. *Beecy v. Pucciarelli*, 387 Mass. 589, 595, 441 N.E.2d 1035 (1982); *Jones v. Brockton Public Markets, Inc.*, 369 Mass. 387, 389, 340 N.E.2d 484 (1975). "[T]he word 'process' in the context of an abuse of process claim means causing papers to issue by a court 'to bring a party or property within its jurisdiction.'" *Silvia v. Building Inspector of West Bridgewater*, 35 Mass.App.Ct. 451, 453,

621 N.E.2d 686 (1993) (quoting *Jones,* supra at 390, 340 N.E.2d 484); *Powers v. Leno,* 24 Mass.App.Ct. 381, 383, 509 N.E.2d 46 (1987).

*Mustapha v. Town of Methuen,* 1998 WL 77882 (Mass.Super.1998). The "willful" requirement of § 523(a)(6) seems inherent in this definition as the actions must be to accomplish an ulterior or illegitimate purpose. In a recent Massachusetts Court of Appeals opinion, the appellate court found that a trial court's jury instruction which stated, *inter alia,* that an act must be knowingly and wrongful for an abuse of process finding was a correct statement of the elements of abuse of process pursuant to Massachusetts case law.

The judge had instructed as follows:

> "In order to prove its claim of an abuse of process, [landlord] must first prove that [tenant] used legal process; and second, that [tenant] did so **knowingly and wrongfully to accomplish some ulterior purpose;** that is, a purpose for which the process was not designed or intended or some illegitimate purpose, and then, of course, damages."

The judge then proceeded to explicate to the jury each of those elements. The instruction was correct based on the authority of cases such as *Datacomm Interface, Inc. v. Computerworld, Inc.,* 396 Mass. 760, 775–776, 489 N.E.2d 185 (1986), and *Kelley v. Stop & Shop Cos.,* 26 Mass.App.Ct. at 558, 530 N.E.2d 190.

*Kobayashi v. Orion Ventures, Inc.,* 42 Mass.App.Ct. 492, 678 N.E.2d 180 (1997) (emphasis added).

After reviewing Massachusetts case law on the common law tort of abuse of process and the Record of Case from the action resulting in the Mr. Thompson's judgment against Mr. Myers which was attached to the Plaintiff's motion for summary judgment, this Court is satisfied that the "willful and malicious" issue was actually litigated in the prior Massachusetts' action and that it was essential for the jury to find that Mr. Myers' actions were willful and malicious in order to return a verdict on Mr. Thompson's abuse of process claim.

▬▬ Mr. Myers, through counsel, also makes the argument that the application of collateral estoppel in this situation is unfair and that in making the determination of whether collateral estoppel should be used, the Court should consider its offensive, rather than defensive, use. While the Court recognizes that it has more discretion whether to apply collateral estoppel in an offensive use, based upon the definition supplied by the United States Supreme Court, offensive collateral estoppel is not applicable in this case.

> In this context, offensive use of collateral estoppel occurs when the plaintiff seeks to foreclose the defendant from litigating an issue the defendant has previously litigated unsuccessfully in an action *with another party.*

*Parklane Hosiery Co. Inc. v. Shore,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979) (emphasis added). As stated previously, the parties to this adversary proceeding were the same parties to the Massachusetts state court litigation, the same issues were involved and the burden of proof was the same. In these situations, the Supreme Court has mandated that collateral estoppel be used to promote judicial economy and prevent needless litigation.

> Collateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation. *Blonder–Tongue Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 328–329, 91 S.Ct. 1434, 1442–1443, 28 L.Ed.2d 788.

*Parklane Hosiery Co. Inc. v. Shore,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979).

▬▬ In arguing that collateral estoppel effect should not be given to the judg-

ment, Mr. Myers also alleges that the trial judge's instructions and counsel's argument in the Massachusetts proceeding ambiguously stated the law on abuse of process thereby creating a basis for mistrusting the jury's verdict against Mr. Myers. However, in conducting a collateral estoppel analysis, it is not the role of this Court to perform an appellate review of the Massachusetts' litigation. This Court must presume that the jury followed the law of Massachusetts in deciding its verdict. Mr. Myers never filed an appeal from the judgment against him, and it became a final judgment. The same is true of the trial judge's order of March 27, 1992. In that order, the judge found in favor of Mr. Myers on the unfair and deceptive acts cause of action and appeared to openly criticized the jury's verdict on the abuse of process findings. However, the judge did not disturb the abuse of process finding by the jury and the jury verdict became a final judgment. Considering the circumstances, it is not unfair to apply the jury's determination to this action.

### F. Reliance Upon Counsel

 The Debtor also takes the position that he may have a defense available to this § 523(a)(6) adversary proceeding based upon his reliance upon counsel.[3] In support of this position, Mr. Myers relies upon a 1990 opinion from the Bankruptcy Court for the Eastern District of Virginia, *In re Murray*, 116 B.R. 473 (Bkrtcy. E.D.Va.1990), which held in part as follows:

Where a defendant has fully and in good faith disclosed the facts to counsel, where counsel advises him as a matter of law, and where the defendant acts on this advice believing that he has been properly advised, he is not guilty. *Levinson v. United States*, 263 F. 257 (C.C.A.3rd.1920); *Remmers v. Mer-*

chants'–*Laclede Nat. Bank of St. Louis*, 173 F. 484 (C.C.A.8th.1909). Before the advice of counsel may be pleaded in justification or excuse of charges made, the debtor must have acted on the advice as a matter of law. "Whether the bankrupt here stands in such plight depends on the facts of the case judged in the light of all the surrounding circumstances." *In re Breitling*, 133 F. 146 (C.C.A.7th.1904).

*In re Murray*, 116 B.R. 473 (Bkrtcy. E.D.Va.1990). As an initial matter, the facts in *Murray* are clearly distinguishable from the facts within. There was little or no evidence presented that Mr. Myers fully and in good faith disclosed facts to his attorney, that his attorney advised him as a matter of law or that Mr. Myers primarily relied upon that advice in taking the action against Mr. Thompson. Secondly and more important, the Court is not convinced that this is a viable defense to a § 523(a)(6) cause of action. *Murray* was one of only two opinions that the Court was able to find that applied reliance upon counsel as a defense in these type adversary proceedings and its use has been limited to the particular facts of the case. As stated by the Bankruptcy Court for the Eastern District of Virginia in an opinion issued after *Murray*, "[s]imply being able to construct a legal argument to support one's actions is insufficient to invoke the protection provided for in *Murray*." *In re Ketaner*, 149 B.R. 395 (Bkrtcy.E.D.Va. 1992).

In a more recent opinion from the Bankruptcy Court for the Northern District of Ohio, the court refused to allow a debtor's reliance on counsel to preclude the use of collateral estoppel in a § 523(a)(6) adversary proceeding arising from an abuse of process finding against the debtor in state court.

Here, as in *In re Braen*, the Court rejects the Debtor's argument that the

---

**3.** As an initial matter, it must be noted that the Debtor failed to plead reliance upon counsel as a defense to this complaint and in fact,

the Debtor's answer did not raise any affirmative defenses but just asserted a general denial to the allegations in the complaint.

State Judgment should not be accorded collateral estoppel effect because of the alleged incompetence of his attorney in the State Court action. *In re Braen,* 900 F.2d at 628. "The general rule is that 'ignorance or carelessness of an attorney' does not provide a basis for relief from the effects of an adverse civil judgment." *In re Braen,* 900 F.2d at 629. To hold otherwise "would seriously undermine the doctrine of issue preclusion and impose an unjust burden on prevailing litigants and the legal system". *In re Braen,* 900 F.2d at 629. *In re Abbo,* 192 B.R. at 898. Also see *In re Haisfield Enterprises of Florida,* 154 B.R. 803 (Bkrtcy.S.D.Fla.1993) ("[w]here there are specific findings of willful, bad faith conduct by the party, reliance on the advise of counsel as a defense to a § 523(a)(6) claim must fail.") and *In re Arlington,* 192 B.R. 494 (Bkrtcy.N.D.Ill. 1996) ("[f]urthermore, if Congress had intended to provide debtors with an affirmative defense based on the advice of their attorneys it could have so expressly legislated"). The Court finds the *Abbo* reasoning more persuasive and agrees that to allow a reliance upon counsel defense to preclude the use of collateral estoppel as a general rule would seriously undermine the doctrine and would impose an unjust burden on prevailing litigants and the legal system.

Mr. Myers may not be pleased with the jury verdict on the abuse of process cause of action but he has not shown that the verdict was based upon some type of misplaced reliance upon his counsel that would act as a defense to the within adversary proceeding.

## CONCLUSION

For the reasons stated within, the willful and malicious nature of Mr. Myers' acts in obtaining the attachment against Mr. Thompson has already been litigated by the parties in the Massachusetts state court action and was necessarily determined by the jury when it returned its verdict against Mr. Myers on the abuse of process claim. Accordingly, there is no genuine issue of material fact as to the willful and malicious nature of Mr. Myers' injury to Mr. Thompson and it is therefore,

**ORDERED,** that the Plaintiff's motion for summary judgment filed June 29, 1998 is granted and the debt from the Defendant/Debtor David L. Myers to the Plaintiff Robert A. Thompson is excepted from discharge pursuant to 11 U.S.C. § 523(a)(6).

**AND IT IS SO ORDERED.**